458 A.2d 1006

**Marsha Driban GRIEB**

v.

**Melvin DRIBAN, Appellant.**

**Melvin DRIBAN, Appellant,**

v.

**Marsha Driban GRIEB.**

Superior Court of Pennsylvania.

Submitted Feb. 15, 1983.

Filed April 15, 1983.

---

4. In her petition to strike Leslie admitted to having received such notice on March 6.

Mitchel H. Sheinoff, Willow Grove, for appellant.

Richard S. Mailman, Jenkintown, did not submit a brief on behalf of appellee.

Before CERCONE, President Judge, and JOHNSON and MONTEMURO, JJ.

CERCONE, President Judge:

These are appeals from an order awarding custody of a minor child to his mother, and, to that extent, modifying the prior award of custody to the father. Convinced that the court below accorded controlling weight to the minor's stated preference for his mother without conducting an inquiry on the record into the minor's reasons for such stated preference, we conclude that the lower court applied an incorrect legal standard in the determination of this matter.[1] As such, we vacate the order below with di-

---

1. Although the minor reaches the age of emancipation in June of 1983, we are nevertheless compelled to set forth the principle of law applicable to this particular area of custody of minor children.

rections to the lower court to hold a hearing on this matter within thirty (30) days of the remand of the record in this case.

The parties, the natural parents of a minor child, John, were married and then divorced in 1976. On April 28, 1976, the Court of Common Pleas of Montgomery County, awarded custody of said minor to his father, appellant. John thereafter lived with his father until June of 1981, when John ran away to his mother in Ocean City, New Jersey. In December of 1981, John's father filed a custody action in the Chancery Division of the Cape May County Superior Court. That court awarded custody of John to John's mother until the end of that current school semester, and thereafter, until any subsequent order of the Montgomery County Court in the event John's mother commenced proceedings in Montgomery County within nine (9) days of that court's order. Proceedings in Montgomery County were so commenced and John has continued to reside with his mother during and since that time.

The lower court, the Honorable Horace A. Davenport, Judge, ruled:

... the Court's position is basically—and you are going to have to give some good reasons for it to change—is that a sixteen year old child will decide where he wants to live.

The court below failed to give appellant any opportunity to make any such showing, however, ultimately holding:

A seventeen year old child, all he needs to do is tell me, "I prefer being with my father," period. "I prefer being with my mother," period. That's the way it's going to be.

Similarly, the court later reiterated:

Let me cut it real short. I will not enter any order for a sixteen year old child to live with his father or his mother. I can't make it any shorter than that.

We hold that the court below cut it too "short", by according controlling weight to a child's stated preference

without an inquiry on the record as to the reasons for said preference. The result may certainly be the same as the learned court below determined, however, where the sole evidence is the bare statement of preference by a minor, the court is obligated to receive evidence so as to be better able to determine upon what basis the minor's preference is based.

A child's preference is only one factor in the calculation of his best interest. In *Commonwealth ex rel. Pierce v. Pierce*, 493 Pa. 292, 426 A.2d 555 (1981), the Supreme Court stated:

> Although *the express wishes of a child are not controlling* in custody decisions, they do constitute an important factor which must be carefully considered in determining the child's best interest. *The weight to be accorded the child's preference varies with the age, maturity and intelligence of the child and the reasons given for the preference.* 493 Pa. at 299, 426 A.2d at 559 (emphasis added).

■ As children grow older, more weight must be given to the preference of the child. In *Martincheck v. Martincheck*, 262 Pa.Superior Ct. 346, 350, 396 A.2d 788, 790 (1979), we said:

> ... While it is true that a child's preference can carry great weight in a custody dispute, particularly as he grows older, a mere statement of preference is of little persuasive value.

For the foregoing reasons, the order of the court below is vacated and the case is remanded for a full hearing giving appellant an opportunity to be heard. Said hearing is ordered to take place within thirty (30) days from remand of the record in this case.

Jurisdiction is not retained.