579 A.2d 955

COMMONWEALTH of Pennsylvania

v.

**John Daryl IRWIN, Appellant.**

Superior Court of Pennsylvania.

Argued March 14, 1990.

Filed Aug. 30, 1990.

110

Robert A. Crisanti, Pittsburgh, for appellant.

Maria V. Copetas, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before CIRILLO, President Judge, and FORD ELLIOTT and BROSKY, JJ.

FORD ELLIOTT, Judge:

This is an appeal from the judgment of sentence entered on March 1, 1989, in the court of Common Pleas of Allegheny County, Pennsylvania. Appellant, John Daryl Irwin, was found guilty of rape and involuntary deviate sexual intercourse following a non-jury trial. He was sentenced to

serve a term of incarceration of not less than seven and one-half nor more than fifteen years.

The charges arose from incidents occurring between 1983 and 1984 at the home of the victim, a minor under the age of fourteen years. Appellant was then living with the victim's mother in that household. The victim testified that appellant would enter her bedroom during the night and have sexual intercourse with her and also commit the act of involuntary deviate sexual intercourse. The victim, who was approximately seven years old at the time of these incidents, stated that she did not tell anyone about them because she was afraid of appellant. In January of 1988, the victim told her mother what appellant had done to her and the mother contacted the police. Appellant was arrested and eventually brought to trial.[1]

Appellant now claims that trial counsel was ineffective for failing to move for recusal and proceeding in a non-jury trial after appellant had admitted, in open court, his willingness to plead guilty to the charges. Appellant also argues the trial court erred in not *sua sponte* recusing itself after hearing appellant's offer to plead guilty. As appellant's arguments lack merit, we affirm.

In this appeal, this court is again asked to consider the issue of ineffective assistance of counsel. It is well settled that a presumption exists that counsel is acting effectively, *Commonwealth v. Hentosh*, 520 Pa. 325, 554 A.2d 20 (1989). Thus, to establish his claim, appellant has the burden of proving that the issue, argument or tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit, and if so, that the particular course chosen by counsel had no

---

1. Appellant was initially represented by Fred A. Lagattuta, Esquire, at the pre-trial conference on April 18, 1988. On the day set for trial, June 15, 1988, Mr. Lagattuta withdrew from the case and the Office of the Public Defender was appointed to represent appellant. A postponement was then granted. On August 8, 1988, a second postponement was granted because appellant had been committed involuntarily to Mayview State Hospital for ninety days under Section 304 of the Mental Health Act. The case came to trial on November 9, 1988.

reasonable basis designed to effectuate his client's interest. *See Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). In addition, it must be demonstrated by appellant how the ineffectiveness prejudiced him. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987).

On November 9, 1988, appellant entered the courtroom of Judge Walter R. Little to stand trial on the aforementioned charges. After the case was called, defense counsel conducted a colloquy with appellant on his waiver of a jury trial. Appellant decided to proceed with a bench trial. The court then recessed for lunch. After the luncheon recess, and before the Commonwealth began its case, appellant informed the court that he wished to plead guilty to the charges. He stated to the court that he wanted to do this because he didn't want to see this child take the stand and testify. The court then directly asked appellant:

THE COURT: Are you willing to plead generally to the charges understanding the possible ranges of what the sentencing might be?

MR. IRWIN: Yes, I would.

Notes of Testimony, 11/9/88 at 10.

At this point, the judge instructed trial counsel to confer with appellant and, if he continued to desire to plead generally, the court would accept his plea. Following a short recess, appellant told the court that he was not guilty of the charges after all. The court then ordered the Commonwealth to proceed. Trial counsel made no objection nor moved for recusal. Appellant was subsequently convicted after the non-jury trial.

In support of his argument, appellant first cites *Commonwealth v. Badger*, 482 Pa. 240, 393 A.2d 642 (1978). In *Badger*, the defendant came into court and expressed an intention to plead guilty to the charges. After the plea colloquy began and following an oral recitation of the alleged facts by the prosecutor, the defendant challenged some portions of the scenario. The court then asked the defendant whether she was admitting to the recited facts

and she responded in the negative. Thereupon, defense counsel requested permission to withdraw the guilty plea and the motion was granted. Immediately following, the defendant entered a plea of not guilty and, without objection nor motion for recusal by defense counsel, proceeded in a non-jury trial before the same judge. Badger was found guilty.

On appeal, Badger claimed that trial counsel was ineffective for failing to seek recusal. Our Supreme Court agreed, stating that the particular course chosen by counsel had no reasonable basis designed to effectuate his client's interest. "The alternative of having a judge, who was not aware of the plea, try the case would have offered a potential for success substantially greater than the tactics used." *Id.* 393 A.2d at 644.

Appellant also relies on *Commonwealth v. Simmons*, 335 Pa.Super. 57, 483 A.2d 953 (1984). In *Simmons*, the defendant appeared in court to plead guilty to the charges brought against him. The trial judge conducted a colloquy which included a summation of the evidence and an admission by the defendant of his guilt. Simmons, who had a history of mental illness, then informed the judge that he was not guilty of the charges and wanted a trial by jury. The trial judge then, after hearing and denying appellant's suppression motion, had the parties select a jury. Simmons then elected to be tried non-jury. His trial counsel asked the judge to recuse himself and the motion was denied because there was no other judge available to hear the case.

This court reversed on the grounds that Simmons' right to be tried before an impartial factfinder should not have been subordinated to an administrative problem of the availability of another judge. If it is clear that a defendant has acknowledged the facts underlying the charges and has admitted his guilt to the trial judge, the judge should recuse himself.

*Badger* and *Simmons* dealt with situations where defendants had come to the courtrooms to enter their pleas of guilty. Those trial courts first determined whether the

respective pleas were knowingly and intelligently made and then listened to summaries of the evidence upon which the charges were based. It was at this point in the proceedings that the defendants registered their objections to the factual recitations by the Commonwealth. The trial courts then allowed the defendants to change their pleas to not guilty and proceeded to hear the cases non-jury. Both cases were reversed.

The instant case, however, differs from these cited authorities. Appellant came before the court pleading not guilty. He waived his right to a jury trial, choosing instead to be tried non-jury. It was at this point in the proceedings, before any evidence was presented or any testimony taken, that appellant informed the court that he wished to plead guilty. He said he was doing this because a trial would be inconvenient for the Commonwealth and burdensome for the young victim. The trial judge immediately stopped the hearing and instructed appellant to confer with counsel about his new request. After a brief recess, appellant told the court that he was not guilty of the charges. A non-jury trial then followed.

■ Trial counsel did not seek recusal nor did the trial judge recuse himself *sua sponte*. We find no errors of omission in this matter. The brief exchange which took place between appellant and the judge did not constitute a plea of guilty. As Justice McDermott stated in *Commonwealth v. Anthony*, 504 Pa. 551, 475 A.2d 1303 (1984):

> A guilty plea is an acknowledgment by a defendant that he participated in the commission of certain acts with a criminal intent. He acknowledges the existence of the facts and the intent.

*Id.* at 1307. Appellant did none of the above. He did not tell the judge that he committed any wrongful acts or that he was guilty of any crime.

■ It has long been held that trial judges, sitting as factfinders, are presumed to ignore prejudicial evidence in reaching a verdict. *Commonwealth v. Brown*, 336 Pa.Su-

per. 628, 486 A.2d 441 (1985). Although appellant's request to plead guilty does not technically qualify as "prejudicial evidence", we can conclude on the same basis that appellant's request to plead guilty without more did not unfairly prejudice an experienced trial judge. Even under circumstances where a defendant had informed the judge that he was guilty, we have held that recusal was not always required. "A judge may be relied upon to know—as a jury may not be—that a guilty plea is not an unambiguous event." *Commonwealth v. Casella*, 312 Pa.Super. 375, 379, 458 A.2d 1007, 1009 (1983).

It is also presumed that a trial judge is capable of recognizing in himself the symptoms of bias and impartiality. Our Supreme Court stated in *Reilly By Reilly v. Southeastern Pa. Transportation*, 507 Pa. 204, 219–21, 489 A.2d 1291, 1299 (1985): "If the judge feels that he can hear and dispose of the case fairly and without prejudice, his decision will be final unless there is an abuse of discretion." Therefore, whenever the question of recusal is raised, either on motion or *sua sponte*, it is best answered by the trial judge himself. Upon being presented with appellant's claim that he had been denied a fair trial, Judge Walter Little wrote:

> We have reviewed the transcript of the non-jury trial and we are satisfied that the posture taken by this court was as an impartial factfinder. Further, the Court's posture throughout the hearing was not improper nor prejudicial to the defendant and all actions were unbiased and impartial.

Trial court opinion 6/30/89 at 6.

From our review of the record, we conclude that trial counsel was not ineffective for not requesting recusal, for recusal was unwarranted in this case.

Judgment of Sentence affirmed.