639 A.2d 52

COMMONWEALTH of Pennsylvania, Appellee,

v.

John D. IRWIN, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 6, 1993.

Filed March 21, 1994.

Reargument and Reconsideration Denied May 24, 1994.

---

509

Richard F. Pohl, Greensburg, for appellant.

Maria V. Copetas, Asst. Dist. Atty., Pittsburgh, for the Com., appellee.

Before KELLY, POPOVICH and BROSKY, JJ.

POPOVICH, Judge:

The appellant, John D. Irwin, appeals the denial of his second request for relief pursuant to the Post–Conviction Relief Act (PCRA).[1] We affirm.

The facts are undisputed and reveal that on November 9, 1988, the appellant appeared before the Honorable Walter Little charged with Rape, Statutory Rape and Involuntary Deviate Sexual Intercourse. Prior to the commencement of the non-jury trial, the appellant indicated his willingness "to plead generally to the charges". N.T. 9–10. However, before a plea could be entered formally, the appellant decided that he "didn't commit the charges ... [and could]n't plead guilty to them." *Id.* at 14. Thereafter, the appellant was tried non-jury and found guilty of Rape and Involuntary Deviate Sexual Intercourse.

At the time set for sentencing, two 7½ to 15–year periods of imprisonment, to be served concurrently, were imposed by the court. An appeal was perfected by counsel other than trial counsel alleging the ineffectiveness of trial counsel for, *inter alia,* not seeking the court's recusal after the appellant commented prior to trial that he wanted to plead guilty. This Court found the claim to be meritless: "From our review of the record, we conclude that trial counsel was not ineffective for not requesting recusal, for recusal was unwarranted in this case." *Commonwealth v. Irwin,* 397 Pa.Super. 109, 579 A.2d 955, 958 (1990), appeal denied, 527 Pa. 592, 588 A.2d 913 (1991).

What followed was a PCRA petition alleging that prior counsel was ineffective for failing to raise and preserve the issue of lack of a reasonably definite date for the commission of the charges lodged, failing to raise and preserve the issue of the Commonwealth filing the Rape charge absent a preliminary hearing, and failing to secure the testimony of a child psychologist regarding the victim. By opinion and order dated August 21, 1991, the appellant's PCRA petition was denied. An appeal was filed and this Court affirmed in a

1. 42 Pa.C.S.A. § 9541 *et seq.*

memorandum opinion at No. 1549 Pittsburgh 1991 (on March 27, 1992). Thereafter, the appellant filed a second PCRA petition alleging the ineffectiveness of trial counsel for failing to seek recusal "based upon the trial judge's knowledge of a prior conviction (guilty plea [to Aggravated Assault and Harassment six months earlier before the same jurist] ) which would have been inadmissible during the trial...." Paragraph 33.

In a brief in support of the PCRA petition, the appellant asserted that trial counsel's failure to seek a recusal of the trial court was arguably ineffectiveness; that no objectively reasonable basis designed to effectuate the appellant's interest could exist for the omission; and but for the act of omission there is a reasonable probability that the result would have been more favorable to the appellant. Page 3. As such, the appellant claims that failure by counsel to seek recusal denied him a fair trial warranting the reversal of the judgment of sentence and the grant of a new trial. *Id.* at 11.

The appellant's second PCRA petition was denied without a hearing with the court's determination that PCRA counsel failed to "demonstrate a miscarriage of justice" which "so undermined the truth-determining process so that no reliable adjudication of guilt or innocence could have taken place." PCRA Court Opinion at 2. This appeal followed and claims that prior PCRA counsel was ineffective for not raising trial counsel's failure to seek recusal of the trial judge for accepting the appellant's plea to Aggravated Assault and Harassment six months beforehand in an unrelated case and sentencing him to 2½ to 5 years imprisonment.

More specifically, appellate counsel contends that, with the judge's possession of the appellant's prior convictions, the failure to seek recusal by trial counsel was arguably ineffectiveness and no reasonable basis existed, which would have advanced the appellant's interest, in not seeking recusal. Therefore, had the court recused itself, "there is a reasonable probability that the result would have been more favorable to Mr. Irwin for the reason that evidence of a prior conviction

would not have been known to the trier of fact." Appellant's Brief at 10. We disagree.

In *Commonwealth v. Lawson*, 519 Pa. 504, 549 A.2d 107 (1988), our Supreme Court concluded that a second or any subsequent post-conviction request for relief will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred. Further, the Court held that a repetitive or serial petition may be entertained only for the purpose of avoiding a demonstrated miscarriage of justice, which no civilized society can tolerate.

The language utilized by the *Lawson* Court is clearly reflected in the Legislature's enactment of Section 9543(a)(2)(ii) of the PCRA, which provides that a petitioner seeking relief on a claim of ineffective assistance of counsel must plead and prove that counsel's stewardship "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."

With regard to the instant case, the appellant does not assert that he is innocent of the charges. Rather, he merely asserts that his trial was not fair with the trial judge's knowledge of his prior criminal record, and, thus, recusal should have been sought.

■ A party seeking recusal of the trial judge bears the burden of establishing the grounds for recusal. *Commonwealth v. Gibson*, 389 Pa.Super. 518, 567 A.2d 724, 727 (1989). "Even the fact that the trial judge may have been made aware of improper evidence does not require recusal; because, a trial judge is presumed to be capable of disregarding improper evidence, including evidence of prior criminal acts." *Id.; Commonwealth v. Irwin*, supra.

We find that the remarks of the trial court, in responding to the appellant's first PCRA petition alleging the ineffectiveness of trial counsel for failing to seek recusal upon his admission of guilt and subsequent withdrawal of the same prior to trial, to be insightful in disposing of the present ineffectiveness argument; to-wit:

It has long been held that trial judges, sitting as factfinders, are presumed to ignore prejudicial evidence in reaching a verdict. *Commonwealth v. Brown,* 336 Pa.Super. 628, 486 A.2d 441 (1985). Although appellant's request to plead guilty does not technically qualify as "prejudicial evidence", we can conclude on the same basis that appellant's request to plead guilty without more did not unfairly prejudice an experienced trial judge. Even under circumstances where a defendant had informed a judge that he was guilty, we have held that recusal was not always required. "A judge may be relied upon to know—as a jury may not be—that a guilty plea is not an unambiguous event." *Commonwealth v. Casella,* 312 Pa.Super. 373 [375], 379, 458 A.2d 1007, 1009 (1983).

It is also presumed that a trial judge is capable of recognizing in himself the symptoms of bias and impartiality. Our Supreme Court stated in *Reilly By Reilly v. Southeastern Pa. Transportation,* 507 Pa. 204, 219–21, 489 A.2d 1291, 1299 (1985): "If the judge feels that he can hear and dispose of the case fairly and without prejudice, his decision will be final unless there is an abuse of discretion." Therefore, whenever the question of recusal is raised, either on motion or *sua sponte,* it is best answered by the trial judge himself. *Upon being presented with appellant's claim that he had been denied a fair trial, Judge Walter Little wrote:*

> *We have reviewed the transcript of the non-jury trial and we are satisfied that the posture taken by this court was an impartial factfinder. Further, the Court's posture throughout the hearing was not improper nor prejudicial to the defendant and all actions were unbiased and impartial.*

Trial court opinion 6/30/89 at 6. *Commonwealth v. Irwin,* supra, 397 Pa.Super. at 115, 579 A.2d at 958 (Emphasis added).

 Accordingly, from our scrutiny of the record against the backdrop of the applicable law, see *Commonwealth v. Lott,*

398 Pa.Super. 573, 581 A.2d 612, 615–616 (1990), we do not find that trial counsel was ineffective for not requesting recusal. In turn, this exonerates first PCRA counsel's claimed ineffectiveness for failing to raise the same issue, for counsel will not be deemed inept for failing to do a meritless act. *Id.*

Because the appellant has failed to satisfy his burden of establishing the grounds for recusal, or that the trial judge was biased or partial, we will affirm the order of the court below dismissing the appellant's second PCRA petition without a hearing. See *Commonwealth v. Lawson,* supra.

Order affirmed.