J-A14018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARQUELL M. ATKINSON, | : | |
| | : | |
| Appellant. | : | No. 1101 WDA 2018 |

Appeal from the Judgment of Sentence Entered, July 24, 2018,
in the Court of Common Pleas of Washington County,
Criminal Division at No(s):  CP-63-CR-0001890-2016.

BEFORE:  OTT, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JULY 26, 2019**

Marquell M. Atkinson appeals from the judgment of sentence imposed following his conviction of firearms not to be carried without a license[1] and disorderly conduct.[2]  We affirm the trial court's judgment of sentence for the reasons stated herein.

The relevant facts and procedural history are as follows. On June 24, 2018, Atkinson drove his wife's vehicle to a gas station in California, Washington County, Pennsylvania.  Atkinson played music loudly through his car stereo as he pulled into the station.  When Atkinson exited the vehicle,

---

[1] 18 Pa.C.S.A. § 6106(a)(1).

[2] 18 Pa.C.S.A. § 5503(a)(3).

Washington County Police Officer Thomas McCarthy approached him. Officer McCarthy asked Atkinson to turn his music down. Atkinson refused. Officer McCarthy then asked Atkinson for his identification. Atkinson testified that he immediately complied with Officer McCarthy's request. However, Officer McCarthy testified that Atkinson pulled the identification card away and, as a result, Officer McCarthy placed Atkinson under arrest for disorderly conduct. A second officer arrived at the scene and tased Atkinson because he believed Atkinson was attempting to resist arrest.

The officers then conducted a search incident to arrest and found a knife and roughly $1,500 on Atkinson's person. The officers also approached Atkinson's vehicle to turn the music down. They saw a firearm inside and smelled marijuana. Officer McCarthy deployed his K-9 to sniff around the vehicle and it alerted Officer McCarthy to the presence of controlled substances. The officers obtained a warrant to search the vehicle. Upon searching the vehicle, the officers obtained the firearm and discovered a small bag of marijuana. A subsequent investigation revealed that Atkinson did not have a valid license to carry a concealed firearm. **See** Trial Court Opinion, 1/29/18, at 1-3.

Atkinson was arrested and charged with firearms not to be carried without a license, disorderly conduct, resisting arrest,[3] and possession of marijuana.[4]  Prior to trial, Atkinson filed a motion *in limine* seeking a ruling that he satisfied an exception to the firearm violation under 18 Pa.C.S. § 6106(b)(13).  Following a hearing, the trial court determined that Atkinson did not satisfy the exception and denied the motion *in limine*.

The case proceeded to a non-jury trial.  At trial, the prosecutor asked Officer McCarthy "do you recall, roughly, how much money [Atkinson] had on his person?" N.T., 4/5/18, at 23.  Atkinson objected on the basis of relevancy. *Id*.  The trial court overruled Atkinson's objection on the grounds that the Commonwealth was merely attempting to provide the facts of the case.  The trial court stated that it would "permit [the testimony] to the extent that it's [explaining] whatever may have been found" during the search incident to arrest. *Id*.  Ultimately, Officer McCarthy testified that he found roughly $1,500 on Atkinson's person. *Id*.

The trial court convicted Atkinson of firearms not to be carried without a license and disorderly conduct.  The trial court found Atkinson not guilty of resisting arrest, and the Commonwealth withdrew the charge for possession of marijuana.  On July 24, 2018, the trial court sentenced Atkinson to six to

---

[3] 18 Pa.C.S.A. § 5104.

[4] 35 P.S. § 780-113(a)(31).

twenty-three months of incarceration for the firearms offense, and imposed a $150 fine for his disorderly conduct conviction.

On August 2, 2018, Atkinson filed a motion to modify sentence and the trial court denied the motion. On the same day, Atkinson filed a timely notice of appeal. Both Atkinson and the trial court complied with Pa.R.A.P. 1925. Atkinson raises two issues on appeal.

1. Whether the trial court erred in overruling [Atkinson's] objection to the admission of testimony regarding the amount of money found on [Atkinson] at the time of his arrest?

2. Whether the evidence was insufficient as a matter of law as to the charge of firearms not to be carried without a license?

Atkinson's Brief at 5 (excess capitalization omitted).

Atkinson's first issue implicates the trial court's authority to admit evidence at trial. Our standard for review for the admission or exclusion of evidence is well-established:

> [T]he admissibility of evidence is within the discretion of the trial court, and such rulings will not form the basis for appellate relief absent an abuse of discretion. Thus, the Superior Court may reverse an evidentiary ruling only upon a showing that the trial court abused that discretion. A determination that a trial court abused its discretion in making an evidentiary ruling may not be made merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

***Commonwealth v. Hoover***, 107 A.3d 723, 729 (Pa. 2014) (citation and quotation marks omitted). "Admissibility depends on relevance and probative value. Evidence is relevant if it logically tends to establish a material fact in

the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact." ***Commonwealth v. Bullock***, 948 A.2d 818, 827 (Pa. Super. 2008); ***see also*** Pa.R.E. 401, 402.

Atkinson argues that the trial court should have excluded Officer McCarthy's testimony regarding the amount of money he was carrying at the time of his arrest since it was not relevant to the crimes charged. Atkinson also argues that it was prejudicial "in so much as it alluded to the fact that [Atkinson] was committing or had committed other crimes by carrying a large quantity of cash on his person." Atkinson's Brief at 14. Atkinson claims that the admission of this testimony influenced the verdict because "the trial court could have [inferred] that [Atkinson] was committing other crimes . . . and that [Atkinson] would have known about the gun in the car." ***Id***.

In its Pa.R.A.P. 1925(a) opinion, the trial court admitted that "no criminal charges were derived from what Officer McCarthy found during the search incident to arrest." Trial Court Opinion, 10/25/18, at 3. Notwithstanding, the trial court explained that the officer's testimony was admissible because "the Commonwealth did not seek to introduce testimonial evidence to prove a general criminal disposition." Trial Court Opinion, 10/25/18, at 3. The trial court determined that the evidence was relevant and admissible as *res gestae* evidence, since it helped provide the context of "the events surrounding the crime." ***Id***.

In Pennsylvania, *res gestae* is an exception to Pa.R.E. 404's prohibition against the admission of evidence of crimes, wrongs, or other acts.[5] **See Commonwealth v. Hairston,** 84 A.3d 657, 665 (Pa. 2014). The *res gestae* exception permits evidence of other crimes, wrongs, or acts so long as they help tell "the complete story." ***Id***; **see also Commonwealth v. Lark**, 543 A.2d 491 (Pa. 1988) (stating that under the *res gestae* exception, evidence of other acts may be admissible to show "part of the chain or sequence of events which became part of the history of the case and formed part of the natural development of the facts"). However, any application of the exceptions to Rule 404(b)(1), including the *res gestae* exception, presumes that the evidence in question has some probative value in the first instance. **See Commonwealth v. Tyson**, 119 A.3d 353, 358 (Pa. Super. 2015) (stating that "[r]elevance is a threshold issue for admissibility of evidence.").

Even assuming that the trial court erred in admitting irrelevant testimony, a new trial is not warranted unless Atkinson can also prove that he was prejudiced by such error. **Commonwealth v. Beltz**, 829 A.2d 680, 682–83 (Pa. 2003); **see also Commonwealth v. Drummond**, 775 A.2d 849, 853 (Pa. Super. 2001) (stating that "the accused is entitled to a fair trial, not a

---

[5] Pursuant to Pa.R.E. 404(b)(1), "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, evidence of other crimes, wrongs, or acts may be admissible for other purposes such as proving "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Pa.R.E. 404(b)(2).

perfect trial"). The purpose of the Rules of Evidence regarding relevancy, prior acts, and unfair prejudice is to prevent a ***jury*** from reaching a conviction on an improper basis. ***See Commonwealth v. Safka***, 95 A.3d 304, 310 (Pa. Super. 2014). However, the concern with juries "does not predominate in non-jury trials, because trial judges sitting as fact[-]finders in criminal cases are presumed to ignore prejudicial [or irrelevant] evidence in reaching a verdict." ***Commonwealth v. Dent***, 837 A.2d 571, 582 (Pa. Super. 2003) (citations and quotations omitted); ***see also Commonwealth v. Irwin***, 579 A.2d 955, 958 (Pa. Super. 1990) (recognizing that "a trial judge [as opposed to a jury] is capable of recognizing in himself the symptoms of bias and impartiality.").

As we presume that the trial court did not rely on irrelevant evidence in reaching its verdict, Atkinson's claim regarding the admissibility of Officer McCarthy's testimony fails. Thus, even if the evidence was irrelevant, Atkinson did not prove he was prejudiced by this testimony.

Atkinson's second issue challenges the sufficiency of the evidence in support of the firearms conviction. When analyzing whether the evidence was sufficient to support a conviction, this Court "must view all of the evidence in the light most favorable to the verdict winner and give that party the benefit of all reasonable inferences therefrom." ***Commonwealth v. White***, 492 A.2d 32, 34 (Pa. Super. 1985) (citation omitted). "The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented." ***Commonwealth v.***

***Brown***, 52 A.3d 320, 323 (Pa. Super. 2012). Additionally, this Court cannot "re-weigh the evidence and substitute our judgment for that of the fact-finder." ***Id***. A challenge to the sufficiency of the evidence presents a pure question of law and, as such, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Jacoby***, 170 A.3d 1065, 1076 (Pa. 2017).

Under 18 Pa.C.S.A. § 6106(a)(1), "any person who carries a firearm in any vehicle . . . without a valid and lawfully issued license under this chapter commits a felony of the third degree." Accordingly, to convict Atkinson under § 6106(a)(1) the Commonwealth had to prove (a) that Atkinson carried a firearm in his vehicle and (b) that Atkinson did not have a valid and lawfully issued license to carry the firearm.

Atkinson argues that, although the Commonwealth met its burden in proving all the elements of the firearms charge under section 6106(a)(1), his conviction must be reversed because he satisfied an exception to the charge under subsection 6106(b)(13). Subsection (b)(13) states, in relevant part, that "[t]he provisions of subsection (a) shall not apply to . . . [a]ny person who is otherwise eligible to possess a firearm under this chapter and who is operating a motor vehicle which is registered in . . . the name of a spouse . . . and which contains a firearm for which a valid license has been issued pursuant to section 6109 to the spouse . . . owning the firearm." 18 Pa.C.S. § 6106(b)(13). Atkinson contends that "he and his wife purchased the gun together, that she does exercise control over the gun, and he considers the

gun jointly owned with his wife." Atkinson's Brief at 18. Thus, Atkinson claims that he satisfies the exception because (a) he is a person "otherwise eligible to possess a firearm;" (b) he was driving his wife's vehicle; (c) his wife has a valid license to carry a concealed firearm; and (d) his wife owned the firearm. *Id*. at 16.

The trial court found that Atkinson was driving his wife's vehicle, and that Atkinson's wife had a valid license to conceal carry a firearm. However, the trial court determined that Atkinson did not present "evidence regarding his wife's possession, control, or use of the firearm at issue." Trial Court Opinion, 1/29/18, at 8. Additionally, the trial court stated that, even if it accepted Atkinson's argument, that Atkinson and his wife (as marital property) jointly owned the firearm, "that does not terminate [Atkinson's] ownership interest in the firearm . . . ." *Id*. at 7. On this basis, the trial court determined that Atkinson owned the firearm. Accordingly, the trial court concluded that Atkinson did not satisfy the exception. *Id*.

Here, we find that the evidence viewed in the light most favorable to the verdict winner was sufficient to establish that Atkinson, not his wife, owned the firearm. At trial, Atkinson testified multiple times that *he* purchased the firearm. N.T., 4/5/18, at 150, 151, 154. Atkinson's counsel asked him "Do you remember purchasing the firearm in question?" Atkinson replied, "Yes." *Id*. at 151. On cross-examination, the prosecutor asked Atkinson, "You bought that firearm? You purchased that; is that correct?" Atkinson answered, "I bought it." *Id*. at 154. Additionally, although Atkinson's wife

testified at trial that she was married to Atkinson prior to the purchase of the firearm, she never testified that she owned the firearm or carried it regularly. *See Id*. at 129. Moreover, Officer McCarthy testified that "[u]pon gathering information of the firearm after the search warrant was served, the serial number determined that Marquell Atkinson is the owner of the firearm." *Id*. at 30.

Mindful of our standard of review we conclude that the evidence viewed in the light most favorable to the Commonwealth established each material element of 18 Pa.C.S.A. § 6106(a)(1). We further conclude that, because the record supports the trial court's determination that Atkinson owned the firearm, he did not satisfy the exception to the firearms charge under 18 Pa.C.S.A. § 6106(b)(13).

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/26/2019

- 10 -