J-S26013-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                     :  PENNSYLVANIA
                                     :

             v.                      :
                                     :

BEAU WILLIAM CHERMER          :
                                   :

        Appellant          :   No. 1159 WDA 2019

Appeal from the PCRA Order Entered July 1, 2019
In the Court of Common Pleas of Beaver County Criminal Division at
No(s):  CP-04-CR-0001125-2012

BEFORE:  MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.:         **FILED JULY 17, 2020**

Beau William Chermer (Appellant) appeals *pro se* from the order

dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA),

42 Pa.C.S.A. §§ 9541-9546.  For the reasons that follow, we affirm.

The PCRA court summarized the facts giving rise to Appellant's

convictions as follows:

> The underlying case involved an April 29, 2012 incident where
> [Appellant] and a co-defendant broke into the [v]ictim's home,
> brutally assaulted him, robbed him, and then left him seriously
> injured in his home.  Twenty-one (21) days after the assault on
> the [v]ictim, he died from the injuries inflicted by [Appellant].
>
>          *    *    *
>
> At trial, the [c]ourt heard testimony from multiple medical
> professionals and lay witnesses regarding the cause of the
> [v]ictim's death.  The testimony provided that after being tortured
> and beaten by [Appellant] and his [c]o-[d]efendant during a home

_____

[*] Retired Senior Judge assigned to the Superior Court.

invasion, the eighty-one (81) year old [v]ictim suffered a traumatic brain injury. The [v]ictim was found the day after the attack and was rushed to the hospital. Testimony provided that the victim suffered from a pre-existing heart condition, requiring him to take Coumadin, a blood thinner, to prevent blood clots. Due to the severe brain injury, the treating physicians suspended the [v]ictim's normal medication and briefly took him off the Coumadin to help treat the brain trauma. Testimony provided by Doctor Christina Troevs, the Medical Director of the Trauma Intensive Care Unit of Allegheny General Hospital, explained that it was customary to stop prescribing Coumadin for thirty (30) days following severe brain injuries in patients. The [v]ictim ultimately died twenty-one (21) days after the brutal attack.

The Commonwealth's Forensic Pathologist, Doctor James Smith, determined that the cause of death of the [v]ictim was an acute myocardial infarction, as a direct result of the trauma that had occurred to the [v]ictim's brain twenty-one (21) days previously. While all parties agreed that the [v]ictim's pre-existing heart condition played a role in his death, the experts disagreed that the brain trauma was the underlying cause of the [v]ictim's death. The Commonwealth witnesses and medical experts all provided testimony that the brain injury is what placed the victim in the hospital and ultimately caused his death. Dr. Smith explicitly stated that the brain trauma was the direct cause of the [v]ictim's death. There was no dispute that the Appellant caused the [v]ictim's extensive brain trauma.

PCRA Court Opinion, 9/13/19, at 6, 10-11 (footnote and record citations omitted).

As a result of his actions on April 29, 2012, Appellant was charged at CP-04-CR-0001130-2012 (1130-2012) with 16 crimes, including robbery, aggravated assault, burglary, unlawful restraint, theft by unlawful taking, simple assault, false imprisonment, and criminal conspiracy. As a result of the victim's death three weeks later, Appellant was charged at CP-04-CR-0001125-2012 (1125-2012) with second-degree murder.

Trial commenced on January 28, 2014. However, on January 30, 2014, the trial court, at Appellant's request, declared a mistrial. On February 10, 2014 Appellant filed a motion to bar re-trial and dismiss on grounds of double jeopardy. Appellant claimed that the prosecutor intentionally caused the mistrial. Thereafter, the trial court conducted an evidentiary hearing, after which it denied Appellant's motion based on its determination that there had been no prosecutorial misconduct.

On August 17, 2015, at Docket Number 1130-2012, Appellant pled guilty to all 16 charges. Following waiver of his right to a jury trial, Appellant proceeded to a bench trial on the charge of second-degree murder at Docket Number 1125-2012; the trial court found Appellant guilty on August 26, 2015. On October 19, 2015, the trial court sentenced Appellant to life imprisonment without the possibility of parole at Docket Number 1125-2012, and a consecutive aggregate term of 19 to 50 years of incarceration at Docket Number 1130-2012. Appellant filed a timely direct appeal.

On March 14, 2017, this Court affirmed Appellant's convictions at both Docket Numbers 1125-2012 and 1130-2012. **See Commonwealth v. Chermer**, 128 WDA 2016 at 20 (Pa. Super. Mar. 14, 2017) (unpublished memorandum). Our Supreme Court denied Appellant's petition for allowance of appeal.

Appellant filed a *pro se* PCRA petition on August 16, 2017 at both Docket Numbers 1125-2012 and 1130-2012. Appellant raised, *inter alia*, numerous

allegations of Trial Counsel ineffectiveness. The court appointed counsel and on December 10, 2018, PCRA Counsel filed a petition to withdraw and no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On January 15, 2019, Appellant filed a *pro se* response to PCRA Counsel's no-merit letter.

On May 7, 2019, the PCRA court granted PCRA Counsel permission to withdraw and issued notice of intent to dismiss Appellant's petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. On May 28, 2019, Appellant filed a *pro se* response. On July 1, 2019, the PCRA court entered orders at both Docket Numbers 1125-2012 and 1130-2012 denying the petition. On July 15, 2019, Appellant filed a timely *pro se* notice of appeal from the PCRA court's order at Docket Number 1125-2012 only.

Before we consider the issues Appellant raises on appeal, we address whether we have jurisdiction. **See Commonwealth v. Borrero**, 692 A.2d 158, 159 (Pa. Super. 1997) (stating that appellate court may *sua sponte* examine its jurisdiction). Appellant filed one notice of appeal from the July 1, 2019 order denying his PCRA petition at two criminal docket numbers. Such practice appears to be prohibited by our Supreme Court's decision in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). The Supreme Court held that "prospectively, where a single order resolves issues arising on more than one docket, **separate notices of appeal must be filed for each case**."

*Id.* at 971 (emphasis added). The Supreme Court observed that the Official Note to Rule 341 of the Pennsylvania Rules of Appellate Procedure "provides a bright-line mandatory instruction to practitioners to file separate notices of appeal," and accordingly, determined that "**the failure to do so requires the appellate court to quash the appeal**." *Id.* at 976-77 (emphasis added).

Arguably, we could quash Appellant's appeal because he filed one notice of appeal from the order denying his petition at two docket numbers. *See id.* In *Commonwealth v. Stansbury*, 219 A.3d 157 (Pa. Super. 2019), however, this Court declined to apply *Walker* where the trial court improperly "advised" the defendant that filing a single notice of appeal from an order disposing of a PCRA petition at two separate docket numbers was sufficient. *Id.* at 160. We explained that such misstatements "amount to a breakdown in court operations such that we may overlook the defective nature of [a]ppellant's timely notice of appeal rather than quash pursuant to *Walker*." *Id.* In this case, like *Stansbury*, the PCRA court dismissed Appellant's petition and only advised him to file a single notice of appeal. *See* Trial Court Order, 7/1/19. Therefore, we decline to quash, and proceed to review Appellant's claims. *See Stansbury*, 219 A.3d at 160.

Appellant raises the 12 issues for review:

> I. Did the PCRA court err in summarily dismissing Appellant's petition without a hearing because PCRA Counsel failed to raise a meritorious claim of Trial Counsel ineffectiveness for failing to object to prosecutorial misconduct in the form of the

Commonwealth repeatedly referring to Appellant as a "Predator," and the victim as "Prey"?

II.    Did the PCRA court err in summarily dismissing Appellant's petition without a hearing because PCRA Counsel failed to raise a meritorious claim of Trial Counsel ineffectiveness for failing to object to prosecutorial misconduct during the Commonwealth's summation by repeatedly intimating to the fact finder of how "mad" he was about the particular circumstances of the case?

III.   Did the PCRA court err in summarily dismissing Appellant's petition without a hearing because PCRA Counsel failed to raise a meritorious claim of Trial Counsel ineffectiveness for failure to object to prosecutorial misconduct in the form of improper questioning/cross-examination of the victim's daughter, Denise Heuring, which was irrelevant and wholly prejudicial?

IV.    Did the PCRA court err in summarily dismissing Appellant's petition without a hearing because PCRA Counsel failed to raise a meritorious claim of Trial Counsel ineffectiveness in foregoing cross-examination and impeachment of a key prosecution witness, Slade Unis?

V.    Did the PCRA court err in summarily dismissing Appellant's petition without a hearing because PCRA Counsel failed to raise a meritorious claim of Trial Counsel ineffectiveness for failure to consult with, retain and call a cardiologist to testify at Appellant's trial as Trial Counsel was informed by Appellant's family they would fund a cardiologist after the trial court denied funds to hire a cardiologist during Appellant's first trial?

VI.    Did the PCRA court err in summarily dismissing Appellant's petition without a hearing because PCRA Counsel failed to raise a meritorious claim of Trial Counsel ineffectiveness for failing to subject the Commonwealth's case to meaningful adversarial testing by failing to object to the lack of notice and subject-matter jurisdiction over Appellant and the requisite element malice aforethought and Pennsylvania's unconstitutional criminal homicide; murder statutes?

VII.   Did the PCRA court err in summarily dismissing Appellant's petition without a hearing because PCRA Counsel failed to raise a meritorious claim of Trial Counsel's conflict and ineffectiveness causing him to withdraw during Appellant's sentencing hearing

which prompted the trial court to appoint Attorney DiMartini, who represented Appellant during his first trial, to file post-sentence motion and direct appeal?

VIII. Did the PCRA court err in summarily dismissing Appellant's petition without a hearing because PCRA Counsel failed to raise a meritorious claim of the cumulative effect of Trial Counsel's above ineffectiveness issues rising to the level of prejudice?

[IX.] Did the PCRA court err in summarily dismissing Appellant's petition without a hearing because PCRA Counsel failed to raise a meritorious claim of the Commonwealth further engaging in prosecutorial misconduct by withholding material impeachment evidence and knowingly presenting false and misleading testimony pertaining to leniency given to Slade Unis in exchange for his cooperation with the investigation and then testifying against Appellant at his trial?

X. Did the PCRA court err in summarily dismissing Appellant's petition without a hearing because PCRA Counsel failed to raise a meritorious claim of the Double Jeopardy Clause pursuant to Article I § 10 of Pennsylvania's Constitution precluding a [second] trial given Appellant's first trial ended in a mistrial due to misconduct, and the above described prosecutorial misconduct designed to deny Appellant's constitutional rights to a fair trial and due process?

XI. Did the PCRA court err in summarily dismissing Appellant's petition without a hearing because PCRA Counsel [] rendered ineffective assistance of counsel?

XII. Did the PCRA court err in summarily dismissing Appellant's petition without a hearing because PCRA Counsel['s] *Turner/Finley* "no merit" letter failed to satisfy the technical prerequisites of *Turner/Finley*[?] Did the PCRA court also err in failing to conduct its own independent analysis in its decision to summarily dismiss Appellant's petition without a hearing rather than largely adopting PCRA Counsel's flawed *Turner/Finley* "no merit" letter in violation of Appellant's rule based rights to effective assistance of PCRA counsel; meaningful PCRA process, and Appellant's state-created liberty interest in demonstrating his innocence.

Appellant's Brief at 3-6.

In considering Appellant's issues, we review the denial of PCRA relief by "examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Busanet**, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." **Id.**

Each of Appellant's issues raise claims of ineffective assistance of counsel. With respect to such claims, our Supreme Court stated:

> It is well-settled that counsel is presumed to have been effective and that the petitioner bears the burden of proving counsel's alleged ineffectiveness. **Commonwealth v. Cooper**, 941 A.2d 655, 664 (Pa. 2007). To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, "that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different." **Id.** A PCRA petitioner must address each of these prongs on appeal. **See Commonwealth v. Natividad**, 938 A.2d 310, 322 (Pa. 2007) (explaining that "appellants continue to bear the burden of pleading and proving each of the **Pierce** elements on appeal to this Court"). A petitioner's failure to satisfy any prong of this test is fatal to the claim. **Cooper**, 941 A.2d at 664.

**Commonwealth v. Wholaver**, 177 A.3d 136, 144 (Pa. 2018) (citations modified).

At the outset, we note that Appellant's brief is extraordinarily long (363 pages, with the body of the brief exceeding 150 pages, and more than 100 pages of exhibits); also, Appellant's argument tends to be rambling and often

incoherent. We therefore summarize and analyze each of his 12 ineffectiveness issues to the best of our ability.

For his first, second, and third issues, Appellant argues that the PCRA court erred by dismissing his claims that Trial Counsel was ineffective for failing to object to alleged instances of prosecutorial misconduct. First, Appellant asserts that the prosecutor inappropriately referred to him during closing arguments as a "predator" and the victim as "prey." Second, Appellant contends that the prosecutor improperly stated during closing arguments that the prosecutor was "mad" about the circumstances of this case. Third, Appellant claims the prosecutor committed misconduct by improperly cross-examining the victim's daughter. These issues are meritless.

This Court has explained:

> A reviewing court's "consideration of claims of prosecutorial misconduct is centered on whether the appellant was deprived of a fair trial, not deprived of a perfect trial." *Commonwealth v. Bronshtein*, 691 A.2d 907, 922 (Pa. 1997).

> Comments by a prosecutor do not constitute reversible error unless the unavoidable effect of such comments would be to prejudice the [factfinder], forming in [his] mind a fixed bias and hostility toward the defendant such that they could not weigh the evidence objectively and render a true verdict.

> *Id.* at 917. Even if a prosecutor's statement is improper, an appellant still may not be entitled to relief. *Id.* at 922. In addition, "**it has long been held that trial judges, sitting as factfinders, are presumed to ignore prejudicial information in reaching a verdict.**" *Commonwealth v. Irwin*, 579 A.2d 955, 957 (Pa. Super. 1990).

*Commonwealth v. Thomas*, 783 A.2d 328, 335 (Pa. Super. 2001) (citations modified; emphasis added).

Here, other than general assertions, Appellant's arguments lack support as to how the alleged instances of prosecutorial misconduct resulted in prejudice. For example, Appellant states that "the prosecutor elicited testimony from the victim's daughter that was irrelevant . . . and prejudicial" when "the only undisputed fact at issue was the causation of the victim's death." Appellant's Brief at 19.

As noted above, to the extent a prosecutor's remarks or questioning were inappropriate, we must presume that the trial court, sitting as factfinder, was capable of disregarding any prejudicial remarks in reaching its verdict. *See Thomas, supra.* The PCRA, recognizing that Appellant was convicted after a non-jury trial, correctly stated that the "law is clear that trial judges are presumed to be able to ignore any potential prejudicial comments." PCRA Court Opinion, 9/13/19, at 17. Because Appellant cannot establish that he was prejudiced by Trial Counsel's failure to object to alleged instances of prosecutorial misconduct, his first, second, and third issues fail. *See Wholaver*, 177 A.3d at 144.

For his fourth and ninth issues, Appellant argues that the PCRA court erred in dismissing his claim that Trial Counsel was ineffective for not cross-examining and impeaching the testimony of Commonwealth witness, Slade Unis (Unis), who was an acquaintance of Appellant, having known him since

he was 15 years old and having worked with him on occasion. Mr. Unis testified that Appellant told him that Appellant knew where "we could get $100,000, maybe $200,000" and the victim had a safe "with $200,000 in it." PCRA Court Opinion, 9/13/19, at 12. Appellant asserts that Trial Counsel was ineffective for failing to cross-examine Mr. Unis regarding any deals for leniency Unis made with the Commonwealth relating to his own criminal proceedings. Appellant asserts that this information was material to the case.

The PCRA court stated that counsel for Appellant's co-defendant "thoroughly cross-examined" Mr. Unis regarding the benefits he received for testifying, which Appellant concedes. *See* PCRA Court Opinion, 9/13/19, at 18; Appellant's Brief at 23-28. "The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit[.] Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." ***Commonwealth v. Adams-Smith***, 209 A.3d 1011, 1019 (Pa. Super. 2019) (citation omitted). Appellant faults Trial Counsel for his decision not to cross-examine Mr. Unis; however such cross-examination would have been duplicative of the cross-examination by counsel for Appellant's co-defendant. Thus, Appellant's ineffective assistance of counsel claims relating to Mr. Unis are baseless and Appellant's fourth and ninth issues do not merit relief. ***See Adams-Smith***, 209 A.3d at 1019.

For his fifth issue, Appellant argues that the PCRA court erred in dismissing his claim that Trial Counsel was ineffective for failing to retain a cardiologist to testify about the victim's cause of death. When raising a claim of ineffective assistance of counsel for the failure to call a witness at trial, a petitioner must establish:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

*Commonwealth v. Sneed*, 45 A.3d 1096, 1108-09 (Pa. 2012). To demonstrate prejudice, a petitioner "must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case." *Id.* at 1109 (quotations and citations omitted). "Thus, counsel will not be found ineffective for failing to call a witness unless the petitioner can show that the witness's testimony would have been helpful to the defense." *Id.*

Appellant has failed to establish any of the five factors set forth in *Sneed*. Most importantly, Appellant does not explain how he would have benefitted from the testimony of a cardiologist. Notably, Appellant likewise address the necessity of cardiologist testimony when Dr. Cyril Wecht, a forensic pathologist, testified for the defense that the victim's injuries from the assault "bore no relationship whatsoever" to the victim's cause of death. N.T., 8/25/15, at 20. Thus, Appellant's fifth issue lacks merit. *See Wholaver*, 177 A.3d at 144.

For his sixth issue, Appellant argues that the PCRA court erred in dismissing his claim that Trial Counsel was ineffective for failing to challenge the constitutionality of Pennsylvania's murder statute, 18 Pa.C.S.A. § 2502, and for failing to object to the trial court's lack of subject matter jurisdiction. This issue is waived.

With respect to Appellant's claim that Trial Counsel was ineffective for failing to challenge the constitutionality of Pennsylvania's murder statute, "a statute will not be found unconstitutional unless it clearly, palpably, and plainly violates the Constitution. If there is any doubt as to whether a challenger has met this high burden, then we will resolve that doubt in favor of the statute's constitutionality." ***Commonwealth v. Thompson***, 106 A.3d 742, 763 (Pa. Super. 2014).

Appellant's argument is mostly nonsensical, and includes no citation to pertinent authority. Moreover, Appellant fails to reference any basis upon which we could conclude that the statute is unconstitutional. Similarly, Appellant fails to develop any argument as to how the trial court lacked subject matter jurisdiction. Our Supreme Court has long held that it is not the courts' obligation to formulate arguments on behalf of an appellant. ***See Commonwealth v. Wright***, 961 A.2d 119, 135 (Pa. 2008). Therefore, Appellant has waived his claim that Trial Counsel was ineffective for failing to challenge the constitutionality of the murder statute and for failing to object to the trial court's lack of subject matter jurisdiction. ***See Commonwealth***

*v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) ("where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived"); *Commonwealth v. Clayton*, 816 A.2d 217, 221 (Pa. 2002) ("[I]t is a well settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal."); *see also* Pa.R.A.P. 2119(a) (requiring that each argument must be "followed by such discussion and citation of authorities as are deemed pertinent").

For his seventh issue, Appellant argues that the PCRA court erred in dismissing his claim that Trial Counsel conceded his ineffectiveness at Appellant's sentencing hearing. Appellant asserts that Trial Counsel likewise admitted to having a conflict of interest in representing Appellant such that Appellant is entitled to a new trial.

At Appellant's sentencing hearing, after the trial court sentenced Appellant, Trial Counsel orally requested permission to withdraw from the case. N.T., 10/19/15, at 33-34. Trial Counsel sought to withdraw because he correctly anticipated that Appellant would assail Trial Counsel's representation. *See id.* At no point did Trial Counsel concede that he was ineffective, nor did Trial Counsel express that he had a conflict of interest in representing Appellant. *See id.* Again, the record does not support Appellant's ineffectiveness claim. *See Wholaver*, 177 A.3d at 144.

For his eighth issue, Appellant argues that the PCRA court erred in dismissing his claim that the "cumulative effect" of Trial Counsel's ineffectiveness resulted in prejudice and warranted a new trial. Appellant's Brief at 54. Our Supreme Court "has repeatedly emphasized [that] no number of failed claims may collectively warrant relief i[f] they fail to do so individually." *Commonwealth v. Sepulveda*, 55 A.3d 1108, 1150 (Pa. 2012). The Supreme Court recognized, however, that "where multiple instances of deficient performance are found, the cumulative effect can result in prejudice." *Id.* (citations omitted). As discussed above, Appellant has not demonstrated that any of his individual claims of ineffective assistance of counsel have merit. Consequently, Appellant's claim of cumulative ineffectiveness fails.

For his tenth issue, Appellant argues that PCRA Counsel was ineffective for failing to raise a claim that Appellant's second trial should have been barred on double jeopardy grounds because the mistrial in his first trial was the result of prosecutorial misconduct. Because Appellant previously litigated the double jeopardy issue on direct appeal, it is not a cognizable claim for relief on collateral review:

> A claim that has been previously litigated is not cognizable for collateral relief. 42 Pa.C.S.A. § 9544(a)(2). The PCRA defines a matter as having been previously litigated when "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." *Id.* "[T]he fact that a petitioner presents a new argument or advances a new theory in support of a previously litigated issue will not circumvent

- 15 -

the previous litigation bar." ***Commonwealth v. Burkett***, 5 A.3d 1260, 1270 (Pa.Super.2010)[.]

***Commonwealth v. Roane***, 142 A.3d 79, 94 (Pa. Super. 2016).

Appellant asks us, in the context of his ineffective assistance of counsel claim, to revisit whether the Commonwealth engaged in prosecutorial misconduct by intentionally causing a mistrial. This Court already rejected this claim. ***See Chermer***, 128 WDA 2016 at 8. As we already rejected Appellant's double jeopardy issue on the merits, and our Court is the highest appellate court in which Appellant could appeal the issue as of right, this issue was previously litigated and is not cognizable under the PCRA. ***See Roane***, 142 A.3d at 94. Appellant's tenth issue is unavailing.

Finally, for his eleventh and twelfth issues, Appellant appears to argue that the PCRA court erred in permitting PCRA Counsel to withdraw because she failed to comply with the technical mandates of ***Turner/Finley***, and was ineffective for filing a no-merit letter and declining to raise any meritorious issues on his behalf. Both issues lack merit.

Pursuant to ***Turner/Finley***, an "[i]ndependent review of the record by competent counsel is required before withdrawal [on collateral review] is permitted." ***Commonwealth v. Pitts***, 981 A.2d 875, 876 n.1 (Pa. 2009). In ***Pitts***, our Supreme Court explained that independent review requires proof of:

1. A "no merit" letter by PC[R]A counsel detailing the nature and extent of his review;

2. The "no merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;

3. The PC[R]A counsel's "explanation", in the "no merit" letter, of why the petitioner's issues were meritless;

4. The PC[R]A court conducting its own independent review of the record; and

5. The PC[R]A court agreeing with counsel that the petition was meritless.

*Id.* (citation and brackets omitted).

Additionally:

Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

If counsel fails to satisfy the foregoing technical prerequisites of **Turner**/**Finley**, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper **Turner**/**Finley** request or an advocate's brief.

However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of **Turner**/**Finley**, the [court] must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (citations

omitted).

Here, PCRA Counsel filed a "no-merit" letter and petition to withdraw

which stated the nature and extent of her review, listed the issues for which

Appellant sought review, explained why and how the issues lacked merit, and

requested permission to withdraw. ***See Turner/Finley*** Letter, 12/10/18; Motion to Withdraw as Counsel, 12/10/18. PCRA Counsel sent Appellant a copy of the "no-merit" letter, a copy of the petition to withdraw, and a statement advising Appellant of the right to proceed *pro se* or by privately retained counsel. ***See id.*** Thus, the record reflects that PCRA Counsel submitted a petition to withdraw and "no-merit" letter satisfying the demands of ***Turner/Finley***. Appellant's claim that PCRA Counsel failed to comply with the ***Turner/Finley*** is meritless.

Lastly with respect to Appellant's claim of PCRA Counsel ineffectiveness, we address layered ineffective claims as follows:

> Where the defendant asserts a layered ineffectiveness claim[,] he must properly argue each prong of the three-prong ineffectiveness test for each separate attorney.
>
> Layered claims of ineffectiveness are not wholly distinct from the underlying claims[,] because proof of the underlying claim is an essential element of the derivative ineffectiveness claim[.] In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue.

***Commonwealth v. Rykard***, 55 A.3d 1177, 1190 (Pa. Super. 2012) (citations omitted).

As we have reiterated throughout this memorandum, there is no support in the record for Appellant's claims that Trial Counsel was ineffective. Consequently, we are unpersuaded by Appellant's claim of PCRA Counsel's ineffectiveness. ***See id.*** Accordingly, because we find no merit to Appellant's

- 18 -

issues, we conclude that the PCRA court did not err in dismissing Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/2020