## Long, Appellant, *v.* McConnell et al.

158  573
178  121

*Judgment—Lien—Scire facias—Execution—Sheriff's sale—Act of* 1834.

Where land subject to the lien of a judgment is conveyed to another, and after the conveyance the judgment is revived against the original owner, but not against his alienee, a sheriff's sale on an execution under the judgment thus revived, occurring more than five years after the conveyance, passes no title to the land.

In such a case the fact that the alienee died while the judgment by virtue of a scire facias was still a lien upon her land, did not indefinitely continue the lien as to her devisees, under § 25 of the act of Feb. 24, 1834, P. L. 77. That act is applicable only to a judgment against a decedent which is a lien on his land at the time of his death. It does not regulate the lien of a judgment on land aliened.

*Conditional conveyance—Husband and wife—Declarations—Parol evidence—Reformation of written instrument.*

A husband conveyed land by deed to his wife. The land was subsequently sold as the property of the husband. In an action by the devisees of the wife to recover the land, witnesses for defendant testified to the declarations of the wife to the effect that she " assumed all the debts of her husband on condition that he would make her a deed for the land; " also that her husband " had made her a deed and she was to pay the land out." *Held,* that (1) there was nothing in the declarations which could be fairly construed into an acknowledgment by the wife that the deed was made upon a parol condition, and (2) that the evidence was not such as is required to annul or reform a written instrument.

Argued Oct. 4, 1893. Appeal, No. 251, Oct. T., 1893, by plaintiff, John Long, executor of Susana Long, deceased, from judgment of C. P. Greene Co., Oct. T., 1884, No. 193, on verdict for defendants, August Miller and Robert McConnell. Before Sterrett, C. J., Green, Williams, McCollum, Mitchell, Dean and Thompson, JJ.

Ejectment for fifty acres of land. Before Inghram, P. J.

The facts appear by the opinion of the Supreme Court.

Defendants offer depositions of Adam Wise and Leonard Strait, to prove that the deed from Samuel Long to Susana Long of Nov. 22, 1860, was executed by said Samuel Long upon the condition and with the distinct understanding that his wife, the said Susana Long, should pay all his debts and particularly should she pay the McConnell judgment. That

at that time he was indebted to other parties.    That she failed during her lifetime to perform that condition, and died December, 1866, without having made any provision for this condition. This is offered for the purpose of showing that the said Susana Long took no title, under the deed from her husband, to the property in controversy, as to J. L. McConnell.

Plaintiff objects to the offer because according to defendants' own evidence already in the case as appears, Joseph L. McConnell, under whom the defendants claim title, was at the time of the conveyance made by Samuel Long to Susana Long, a judgment lien creditor, and it is a controlling principle in this case that he, a judgment lien creditor at the time and having been prior to that time, cannot question the validity of Samuel Long's conveyance.    Samuel Long had a right to sell or give away his land upon such consideration, and if he did so the grantee's title is good against the world, except against the creditors and persons intended to be hindered, delayed or defrauded.    Joseph McConnell being a prior lien creditor is not such a person, and for the reason stated his testimony is incompetent and irrelevant.    And for the further reason it is an attempt to contradict a solemn instrument of writing, or deed, by parol testimony after the lapse of years.    And further, it being admitted that Joseph L. McConnell wrote the deed, those so claiming under him would be estopped by such evidence.    Objection overruled and exception. [1]

The deposition of Adam Wise was as follows:

" I lived in two miles of where Susana Long lived in Aleppo township.    Wrote her will and witnessed it.    She told me she owned the land, and at the time the old man became involved and was likely to lose the land and on condition that he would make her a deed she would pay out for the land for she had money coming to her from her father's estate.    I think the other attesting witness was William Griffith.    To my knowledge that was all the land Samuel Long owned at that time. I mean the land Samuel Long lived on at the time the will was wrote.    There was no particular debts itemized.    But the old lady said she assumed all the debts of her husband on condition that he would make her a deed for the land.    After I wrote her will the old man Long requested that the will should be read to him, which I done, and he said it was all right."

Leonard Strait's deposition was as follows:

"My age is 85 years. Born in Bedford Co., Pa. Moved into Aleppo township in 1849 or 1850. I moved in fall before; Adam Wise moved the following spring, and lived there ever since. I was acquainted with Sam Long and wife before they were married and well acquainted with them since. I lived within about a mile of them. They lived on the land that is now in dispute, in the house called the old Sam Long house. I understood from Mr. Long that Mater and Long bought the land all together, and after they got the land they divided the land between them, and Long got the upper end and Mater the lower. Mr. Long told me he had become involved by being other people's security, and Mrs. Long told me that if the old man Long would make her a deed for the land conditioned, that she would furnish the money and pay the land out. They told me that they had borrowed some money from Joe McConnell to pay on the land. McConnell told me the same thing. Mrs. Long told me that Mr. Long had made her a deed and she was to pay the land out."

Cross-examined: "I knew Jno. Long frequently got money from her estate to pay on the land. I do not know that Joe McConnell ever got any money from Mrs. Long; if I did, I forgot it. I know that Joe McConnell was frequently at Sam Long's, surveying and doing writings for him. The land deeded to his wife was all the land Sam Long owned. Had no personal property, but may be couple of cows and a few hogs."

Plaintiff's points were among others as follows:

" 3. That if the jury believe from the evidence that Samuel Long made and delivered a deed to Susana Long for the one hundred and twenty-four acres of land devised and mentioned in the last will and testament of Susana Long, deceased, and it includes the land in dispute, and against which the judgment of Jos. McConnell was then (at time of making said deed) a lien against said land; and that McConnell had notice of the delivery of said deed and twice revived his judgment against Samuel Long without notice to Susana Long, the terre tenant, or those claiming under her, and sold the same on an execution at suit of said McConnell on the said judgment, against Samuel Long, over thirteen years after he had made his deed to Susana Long, the lien of McConnell's judgment was lost so far

as terre tenants are concerned, and conferred no title on Joseph McConnell as purchaser at the sheriff's sale, and the plaintiff is entitled to recover." Refused. [2]

4. Request for binding instructions. Refused. [3]

Defendants' points were among others as follows :

"1. The deed from Samuel Long to Susana Long, of Nov. 22, 1860, being a deed from a husband to a wife was a nullity at law and will only be sustained in equity, if upon the facts of the case it would be just and equitable to sustain it." Affirmed. [4]

"2. Under the deed of Nov. 22, 1860, Mrs. Long took only an equitable title to the land in controversy, the legal title remaining in her husband, and he, or anyone claiming that title through him, would have the right to use it to compel performance of any condition or stipulation upon which her legal title was dependent." Affirmed. [5]

"4. If the deed from Samuel Long to his wife was executed upon condition that if she should pay all his debts including the McConnell judgment, the plaintiff cannot recover in this suit without proving the McConnell debt paid before this suit was brought." Affirmed. [6]

Verdict and judgment for defendants. Plaintiff appealed.

*Errors assigned* were (1) admission of evidence; (2–6) instructions; quoting instructions, bill of exception and evidence.

*E. M. Sayres*, for appellant, cited : Martin v. Berens, 67 Pa. 462 ; Callan v. Lukens, 89 Pa. 136 ; Haak's Ap., 100 Pa. 59 ; Salter v. Bird, 103 Pa. 447 ; act of April 22, 1856, P. L. 533 ; Wetmore v. Wetmore, 155 Pa. 507.

*J. B. Donley*, *Wyly*, *Buchanan & Walton* with him, for appellee, cited : 1 Washb. R. Prop., p. 334 ; 1 Bishop, Married Women, p. 604 ; 1 Perry, Trusts, p. 300 ; Hunt v. Johnston, 44 N. Y. 27 ; Coates v. Gerlach, 44 Pa. 43 ; Bedell's Ap., 87 Pa. 510 ; Thompson v. Allen, 103 Pa. 44 ; Stickney v. Borman, 2 Pa. 67 ; 1 Story's Eq. Jurisp., § 64 ; Neely's Ap., 85 Pa. 387 ; Meinweiser v. Hains, 110 Pa. 468 ; Hughes v. Torrence, 111 Pa. 611.

OPINION BY MR. JUSTICE MCCOLLUM, December 30, 1893:

It is admitted that both parties to this action claim the land in dispute under Samuel Long, and that it was included in his deed of one hundred and twenty-four acres to his wife Susana Long, made Nov. 22, 1860, and recorded April 4, 1861. This deed was written and witnessed by Joseph L. McConnell who was then interested in, and subsequently became the sole owner of a judgment entered on the 3d of August, 1860, against Samuel Long and August Miller. This judgment was a lien on the land described in the deed. The consideration named in the deed was seven hundred dollars, and the receipt of it was duly acknowledged therein. The appellant is a son and devisee and the sole executor of Susana Long deceased, whose will was duly probated January 16, 1867, and for the purposes of this suit he may be considered as invested with the title she acquired by the above mentioned conveyance from her husband. On a writ of scire facias to Sept. T. 1865, the judgment hereinbefore referred to was revived against Samuel Long and August Miller, and on a like writ to Sept. T. 1870, it was again revived against the former, who consented to be held solely liable for the amount thereof, and that the latter might be released from it. A fi. fa. was issued on this judgment against Samuel Long to Sept. T. 1873, on which his interest in a tract of land which included the land in dispute was levied upon, and on a vend. ex. to Dec. T. 1873, the same was sold to Joseph L. McConnell, who received a sheriff's deed therefor, and by his will, probated February 16, 1875, devised it to his brother Robert McConnell who is the real defendant and appellee in this action.

It is manifest from an inspection of the record that the sheriff's sale did not pass to the purchaser any title or interest which Susana Long acquired by the deed of November 22, 1860, because the original judgment was not revived against her or her devisees as terre tenants. Neither of them was made a party in any proceeding to revive it against the defendants therein or to continue the lien of it upon the land conveyed to her as aforesaid although the judgment was entered thirteen years and four months and the deed was recorded twelve years and eight months before the sheriff's sale. It is suggested, however, by the appellee that inasmuch as Susana Long died while the judgment by virtue of the scire facias issued upon it

VOL. CLVIII—37

August 2, 1865, was a lien on her land, such lien was continued indefinitely as to her devisees by the 25th section of the act of Feb. 24, 1834, P. L. 77. But this suggestion comes from a misapprehension of the statutory provision referred to, as that is applicable only to a judgment against a decedent which is a lien on his land at the time of his death. It does not regulate the lien of such judgment on land aliened by him, nor does the death of the terre tenant continue the lien of it upon such land: Baxter v. Allen, 77 Pa. 468; Judson v. Lyle, 28 Leg. Int. 140. Jos. L. McConnell might have continued the lien of his judgment on the land conveyed to Susana Long by complying with the statutes relating to its revival, but having allowed the lien to expire he could not subsequently divest her title by a sale of the land on his judgment against the husband. The conveyance was not fraudulent as to him, nor could he question its validity on the ground that it was in fraud of other creditors, or that it was made by Samuel Long to his wife without the intervention of a trustee: Haak's Appeal, 100 Pa. 59; Armington v. Rau, 100 Pa. 165. We think it is clear that the deed upon its face passed a title to the grantee which the prior lien creditor could not, after the expiration of his lien, successfully assail.

Is the evidence sufficient to convert such a deed into an executory contract or a conveyance upon condition? It consists of declarations alleged to have been made by the grantee to Adam Wise and Leonard Strait. Wise testified that he wrote the will of Susana Long on the 23d of November, 1866, and that she then told him " she owned the land, and at the time the old man became involved and was likely to lose the land, and on condition that he would make her a deed, she was to pay out for the land, for she had money coming to her from her father's estate; " and that she " assumed all the debts of her husband on condition that he would make her a deed for the land." Strait testified that she said to him " if the old man Long would make her a deed for the land, conditioned that she would furnish the money and pay the land out," and that she told him, " Mr. Long had made her a deed and she was to pay the land out." It will be observed that the condition mentioned in the foregoing testimony, which we have inserted in the language of the witnesses, refers to the promise of the grantee.

There is nothing in it which can be fairly construed into an acknowledgment by her that the deed was made upon a parol condition, and yet the learned court below, upon this evidence alone, allowed the jury to find that it was so executed and delivered. If it would reasonably admit of a construction which would annex the condition therein mentioned to the grant, it is in our opinion insufficient to set aside the deed. It is not such evidence as is required to annul or reform a written instrument.

To the extent that the rulings of the court below are in conflict with this opinion the specifications of error are sustained.

Judgment reversed and venire facias de novo awarded.