## American Road Machine Co., Appellant, v. The Township of Washington.

*Public officers—Essentials of valid contract of township supervisors.*

The action required to bind a township on a contract to be executed by its supervisors is not that of the individuals who compose the board, but of the official body.

A contract for sale of a stone crusher is invalid as to the township when the signatures of four supervisors are obtained by vendor's agent who visited each of three other supervisors with the fourth and secured their signatures.

Argued March 24, 1898. Appeal, No. 31, March T., 1898, by plaintiff, from judgment of C. P. Franklin Co., Sept. T., 1896, No. 317, on compulsory nonsuit. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed. SMITH, J., dissents.

Assumpsit to recover $700, the price of a stone crusher. Before STEWART, P. J.

The facts sufficiently appear in the opinion of the court.

The court below entered a compulsory nonsuit. Plaintiff appealed.

*Error assigned* was entering a compulsory nonsuit.

*W. Rush Gillan,* for appellant.—If the evidence amounted to more than a mere scintilla, the plaintiff had a right to have the question submitted to a jury: Lerch v. Bard, 153 Pa. 573.

In the determination of the question as to whether or not the court erred in entering the nonsuit, the plaintiff is entitled to the benefit of every fact and inference of fact which might have been fairly found by the jury or drawn by them from the evidence before them: McGrann v. Railroad Co., 111 Pa. 171.

Tested by these principles what of the case at bar? The witness Baker testified that a majority of the supervisors met and after having seen the rock crusher work determined to purchase it. It is testified by all of them that there was no agreement to purchase until after they had an opportunity to see the machine work.

The formalities required are much less than that of the county.    Yet here was deliberation, here was consultation, here was notice to every one, here was the exercise of deliberate judgment.    But is the deliberate judgment· of the supervisors now required in order to bind the township for the purchase of a machine such as this?    If it is a ministerial and not a deliberate duty the township is bound by the contract, whether made by the supervisors as the result of deliberation or not: Union Twp. v. Gibboney, 94 Pa. 534.

It has been held by the Supreme Court in Hopewell Township v. Putt, 2 W. N. C. 46, "that a contract for the opening of a new road made by one supervisor, without consultation with his colleagues, was binding on the township."

By the Act of May 24, 1887, P. L. 202, they are authorized, at their option, to purchase road machines, etc.    While before that time this may have been what would be termed a deliberative, since that time it is what is termed a ministerial, duty: Scraper Co. v. Pine Township, 4 Dist. Rep. 501; Climax Road Machine Co. v. Corydon Township, 5 Dist. Rep. 436.

*J. R. Ruthrauff* and *O. C. Bowers*, for appellee.—It is stated by the learned judge of the court below as follows: " The township can be liable in such case as this, when deliberation and judgment are required, only when the matter has been acted upon by the board in session.    It is only by meeting regularly in session that there can be that deliberate consideration which the law expects and requires.    A result reached in a way which does not afford to each individual member of the board the benefit of the advice and judgment of every other member, at least the opportunity to get these, cannot be said to be the deliberate action of the board: " Penna. Railroad Co. v. Pass. Ry. Co., 167 Pa. 62.

Thus it was held that a contract signed by the members of the school board separately did not bind the district.    The best evidence of their official action was their minutes kept by their secretary.    The same doctrine is announced in Union Township v. Gibboney, 94 Pa. 534, Cooper v. Lampeter Township, 8 Watts, 125, Case of Turnpike Road, 5 Binney, 481, and Butler v. School Dist., 149 Pa. 351.

A body of this kind must exercise its powers by joint action

as a board: School Dist. v. Fuess, 98 Pa. 600; Nason v. Poor
Directors, 126 Pa. 445.   Loose discussions without any motion
or united action are not sufficient.

OPINION BY ORLADY, J., December 15, 1898:

An agent of the plaintiff, with one of the supervisors of the
defendant township, visited each of three other supervisors at
their respective homes, and secured their signatures, in addi-
tion to his own, to an order directed to the defendant for one
Champion  rock-crusher, having as a condition, viz: "If the
said crusher does work as warranted on the back of this order,
the undersigned agree to pay to the American Road Machine
Company, or order, seven hundred dollars in cash, or note bear-
ing interest at the rate of 6 per cent per annum from date of
trial."

Soon thereafter the crusher was delivered and, while being
tested, three of the supervisors inspected it and later in the
same day the three signed township warrants for the contract
price, one of which is the basis of this suit.   The board of
supervisors consisted of five members, and while the evidence
shows that the board had elected a secretary, and each had
knowledge of the several meetings of the members, it was also
shown by the plaintiff's evidence that there was not at any
time during the several stages of the transaction a meeting
called or convened for the purpose of considering the purchase
of, or payment for, the crusher; that no minutes were kept nor
record made of any action taken in regard thereto.   A judg-
ment of nonsuit was entered, which the court subsequently re-
fused to lift.

No two of the four supervisors, who participated in making
the contract for the purchase of the crusher, recollect the par-
ticulars of the transaction with any degree of certainty, and
we have the anomalous fact of the liability of this township
depending upon the confusing statements of the supervisors in
regard to their own acts while under the tutelage of the plain-
tiff's agent; all of which would have been avoided if they had
acted at regularly convened meetings, and the township clerk,
who, by the Act of April 15, 1834, P. L. 555, sec. 99, is the
clerk to the supervisors of the township, had kept a record of
the proceedings of the said officers open to the inspection of
any person who might have occasion to search therein.

One supervisor cannot bind the township for performance of a contract, the propriety of entering into which is the subject of deliberation and the exercise of judgment, but he may in matters purely ministerial; when the business requires deliberation, consultation and judgment, all should be convened, because the advice and opinions of all may be useful, and though they do not unite in opinion, a majority may act when there are more than two: Union Township v. Gibbony, 94 Pa. 534.

The judgment and discretion to be applied to the purchase of a machine of the value of $700, its material, construction, and efficiency, the business judgment required in providing for its payment, without disturbing the usual rates and levies of the township, place this act clearly within the deliberative duties of the officers. As is aptly stated by the learned trial judge that " It is only by meeting regularly in session that there can be that deliberate consideration which the law expects and requires. A result reached in a way which does not afford to each individual member of the board the benefit of the advice and judgment of every other member, at least the opportunity to get these, cannot be said to be the deliberate action of the board. What is expected is, in conference a mutual interchange of views and a result based upon those reached by a majority of those present. The way in which this order was given and obtained precluded anything like a conference and comparison of views; it was the assent of individuals, not corporate action. . . . The original order is the evidence of the contract. By it the supervisors who signed it, undertook to obligate the township for the price of the crusher in case it worked as represented in the printed statement indorsed thereon, the company agreeing to take it back in case it failed to do so, and cancel the contract. What was this but a purchase on a guaranty ? The notes subsequently given were at best but an acknowledgment of the sufficiency of the machine, a fact in the case not disputed." The action needed is not that of the individuals who compose the board, but of the official body: Penna. R. R. Co. v. Mont. Co. Pass. Ry., 167 Pa. 62; Pike Co. v. Rowland, 94 Pa. 238; Jefferson Co. v. Slagle, 66 Pa. 202.

The meeting of the supervisors in the office of their counsel, which appellant urges " was the final act of the purchase, and

the act by which the township was bound," adds no support to plaintiff's claim, as the two of the three supervisors, who signed the note in suit testified that the transaction was completed prior to that meeting, save only to sign the notes, and the other seems to know but little of the transaction. The testimony of the president of the board, on which appellant relies, is so contradictory and doubtful, and in its material parts so directly denied by the other two supervisors that it would be insufficient to carry the case to a jury or support a verdict. At the most it was not more than a mere scintilla: Lerch v. Bard, 153 Pa. 573.

The appellant urges that because, by Act of June 23, 1897, P. L. 194, road supervisors are authorized to join with the like officers of one or more townships in the purchase of road making implements and machines, that a purchase similar to the one in this issue is a ministerial and not a deliberative act. To this we do not agree. The terms of that act do not diminish the duty of the supervisors to meet and act as a corporate body, and it does not apply to the case before us.

The judgment is affirmed.

SMITH, J., dissenting:

I cannot concur in the judgment about to be entered. In my opinion, the testimony was amply sufficient to require its submission to the jury. Everything necessary to show a valid contract on the part of the township appears in the testimony. It plainly appears that the note upon which suit is brought was executed in good faith for property taken and used by the supervisors in the work of the township. The transaction was no more informal than the manner in which the other business of the township was conducted. It was testified that all the supervisors not present were notified of the meeting at which the notes were given. They all understood that the machine was to be settled for by notes of the supervisors at that meeting. The matter had been discussed by them for months before. It is now proposed to defeat payment of the notes solely because those former meetings, when the subject was canvassed and other business done, were not pursuant to formal notice. But it is shown that everything necessary to constitute a regularly convened meeting took place when the notes were given.

This was sufficient.    Being lawfully convened they had a right to buy the machine then and there.    Having "talked the matter over" and given the notes, this implied the consideration and consummation of the contract.    They had the machine on trial and then concluded to keep and pay for it, in accordance with their understanding.    It is unreasonable to hold supervisors of a country township to the technical formality observed in the transaction of the business of a large city.    Where it appears that the contract was made in good faith, in the interest of the township, and in substantial compliance with the law, it is unnecessary and useless to exact more.    The average township supervisor knows little about forms and cares less.    With him it is usually a question of good management, honesty and economy.    This case was for the jury.