J-S50010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| K.D.S. | : | |
| | : | |
| Appellant | : | No. 1726 WDA 2018 |

Appeal from the Judgment of Sentence Entered November 8, 2017
In the Court of Common Pleas of Beaver County Criminal Division at
No(s): CP-04-CR-0001900-2016

BEFORE: LAZARUS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED SEPTEMBER 13, 2019**

K.D.S. (Appellant) appeals from the judgment of sentence, entered in the Court of Common Pleas of Beaver County, following his convictions of rape of a child,[1] statutory sexual assault,[2] aggravated indecent assault of a child,[3] sexual assault,[4] indecent assault[5] and endangering the welfare of a child.[6]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3121(c).

[2] 18 Pa.C.S. § 3122.1(b).

[3] 18 Pa.C.S. 3125(a)(7).

[4] 18 Pa.C.S. § 3124.1.

[5] 18 Pa.C.S. § 3126(a)(7).

[6] 18 Pa.C.S. § 4304(a)(1).

After our review, we affirm the judgment of sentence based on the trial court opinion, authored by the Honorable Harry Knafelc.

V.W., the victim's maternal grandmother and primary caretaker, dropped the victim off at the home of the victim's father for an overnight visit. V.W. testified that the next day, the victim, who was six years old at the time, reported, "[D]addy put his thing in me. He peed in me, and it was white." N.T. Bench Trial, 7/17/17 (Vol.1), at 34.

V.W. contacted Children and Youth Services, and was advised to take the victim to Children's Hospital of Pittsburgh. *Id.* at 36. There, Sally Riley, a sexual assault nurse examiner, performed a sexual assault kit on the victim. N.T. Bench Trial, 7/19/17 (Vol.2), at 37, 41.

Officer Steven Roberts, who took the initial report of the victim, transported the sexual assault kit to the Pennsylvania State Police Crime Laboratory for forensic testing. N.T. Bench Trial, 7/19/17, Vol.2, at 7-8, 14. Thereafter, Officer Robert obtained a DNA sample from Appellant. *Id.* at 14. Forensic testing results indicated the victim's vagina contained Appellant's semen. *Id.* at 80, 107.

The victim, who was seven years old at the time she testified, stated that Appellant got into the bathtub with her and [h]e made me sit on his private part" and he "stuck . . . his thing in me." *Id.* at 72. She also testified that Appellant showed her "nasty pictures with . . . some women having sex with their boyfriends." *Id.* at 75-76.

Appellant also testified. He denied sexually assaulting his daughter. ***Id.*** at 154. He testified that during the time in question he had sexual relations with his girlfriend, ***id.*** at 153-54, and that he wore a condom and discarded the condom in the toilet. ***Id.*** at 153.

Following trial, Judge Knafelc convicted Appellant of the abovementioned offenses. On November 8, 2017, Judge Knafelc sentenced Appellant to an aggregate term of imprisonment of sixteen to forty years. Appellant filed timely post-sentence motions, which were denied. On appeal,[7] he raises the following issues:

1. Whether [Appellant's] conviction should be reversed because the Commonwealth failed to present sufficient evidence to prove beyond a reasonable doubt that [he] was guilty of the crime of rape of a child[?]

2. Whether [Appellant's] conviction, assuming that sufficient evidence has been presented, should be reversed because the guilty verdict rendered contradicts the weight of the evidence presented by the Commonwealth at trial[?]

Appellant's Brief, at 8.

When reviewing a challenge to the sufficiency of evidence, this Court must determine "whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the

---

[7] The appeal in this matter was originally quashed for failure to file an appellate brief. On May 22, 2019, the Beaver County Public Defender's Office filed an application to reinstate the appeal, averring that it had not received either the briefing schedule or the notice of dismissal. On May 29, 2019, this Court entered an order reinstating Sims' appeal.

Commonwealth as verdict winner, was sufficient to prove every element of the offense beyond a reasonable doubt. ***Commonwealth v. Wise***, 171 A.3d 784, 790 (Pa. Super. 2017). Further,

> The evidence established by the Commonwealth at trial need not preclude every possibility of innocence, and the finder of fact is free to believe all, part, or none of the evidence presented. It is not within this Court's authority to re-weigh the evidence presented and substitute our own judgment over that of the fact finder. Moreover, the Commonwealth may sustain its burden of proof by wholly circumstantial evidence.

***Commonwealth v. Shaw***, 203 A.3d 281, 284 (Pa. Super. 2019) (citations omitted).

Appellant also contends that even if the evidence is legally sufficient, the guilty verdict "contradicts the weight of the evidence presented by the Commonwealth." Appellant's Brief, at 11. The Supreme Court has set forth the following standard of review for weight of the evidence claims:

> The essence of appellate review for a weight claim appears to lie in ensuring that the trial court's decision has record support. Where the record adequately supports the trial court, the trial court has acted within the limits of its discretion. A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.

*Commonwealth v. Clay*, 64 A.3d 1049, 1054-55 (Pa. 2013) (citations and quotation omitted).  In order for an appellant to prevail on a challenge to the weight of the evidence, "the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Commonwealth v. Sullivan*, 820 A.2d 795, 806 (Pa. Super. 2003) (citation omitted).

With the foregoing standards of review in mind, after examining the briefs of the parties, the record, and the applicable law, we find that the trial court's verdict is supported by the record and free of legal error.  We further find that the trial court ably addressed the issues presented on appeal.  Accordingly, we affirm on the basis of Judge Knafelc's opinion disposing of post-sentence motions.  *See* Trial Court Opinion, 3/8/18, at 8-13.  The parties are directed to attach a copy of that opinion in the event of further proceedings.

Judgment of sentence affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date:  9/13/2019

- 5 -

IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY
PENNSYLVANIA
CRIMINAL DIVISION—LAW

COMMONWEALTH OF
PENNSYVANIA

      vs.

K.      S.  ,
      Defendant

                :
                :
                :        No. 1900 of 2016
                :
                :
                :
                :

## MEMORANDUM OPINION AND ORDER

KNAFELC, J.                                MARCH 8th, 2018

On July 20, 2017, following a bench trial held on July 17 & 19, 2017, before the

Honorable Harry Knafelc, Defendant was convicted of one Count of Rape of a Child[1] (F1), one

count of Statutory Sexual Assault – 11 years older[2] (F1), one count of Aggravated Indecent

Assault of a Child[3] (F1), one Count of Sexual Assault[4] (F2), one Count of Indecent Assault[5]

(M1), and one Count of Endangering the Welfare of a Child[6] (M1).. Defendant was found not

guilty as to a single count of Corruption of Minors[7] (M1).

On November 8, 2017, Defendant was sentenced to an aggregate term of imprisonment

of 16 to 40 years – with credit to be granted from August 6, 2016.

On November 17, 2017, Defendant through trial counsel, Gerald Benyo, Jr., filed a

timely motion for post-[sentence] relief pursuant to Rule 720 of the Pennsylvania Rules of

Criminal Procedure. Defendant's motion complains of the following errors at trial: a) ineffective

assistance of counsel; b) failure of trial judge to recuse himself due to a conflict; c) court

---

[1] Count 1 of the A-Information charged under 18 Pa.C.S. §3121(c).
[2] Count 2 of the A-Information charged under 18 Pa.C.S. §3122.1(b).
[3] Count 3 of the A-Information charged under 18 Pa.C.S. §3125(a)(7).
[4] Count 4 of the A-Information charged under 18 Pa.C.S. §3124.1.
[5] Count 6 of the A-Information charged under 18 Pa.C.S. §3126(a)(7).
[6] Count 7 of the A-Information charged under 18 Pa.C.S. §4304(a)(1).
[7] Count 5 of the A-Information charged under 18 Pa.C.S. §6301(a)(1)(i)

# APPENDIX C

admitting testimony by an incompetent witness; d) sufficiency of the evidence as to the charge of Rape; e) verdict against the weight of the evidence, f) violation of defendant's 4th amendment rights. Defendant requests the following relief: (1) a motion in arrest of judgment; and (2) a motion for a new trial.

The Opinion of this Court and an appropriate Order shall follow.

## DISPOSITION OF DEFENDANT'S REQUESTS FOR RELIEF

### (1) *Motion in Arrest of Judgment*

Defendant requests that the judgment entered against him and in favor of the Commonwealth be set aside inasmuch as the evidence was insufficient as a matter of law to have found Defendant guilty beyond a reasonable doubt. In reviewing a request for a motion in arrest of judgment, the Court considers whether the evidence offered by the Commonwealth was legally sufficient to support the verdict. *Commonwealth v. Froelich*, 458 Pa. 104, 326 A.2d 364 (1974). The evidence in this case supports the verdict, and the motion for arrest in judgment is denied.

### (2) *Motion for a New Trial*

Defendant argues that he is entitled to a new trial, stating that the evidence was insufficient to support a guilty verdict as to each of the charges and that the verdict was contrary to the weight of the evidence presented at trial. This Court disagrees. A trial court should award new trial on grounds that verdict is against the weight of evidence only when the verdict is so contrary to evidence as to shock one's sense of justice and make award of new trial imperative, so that right may be given another opportunity to prevail. *Commonwealth v. Whitney*, 511 Pa. 232, 239, 512 A.2d 1152, 1155–1156 (1986). Where, as here, a finding of guilt is supported by the record, a motion for a new trial must be denied. *Commonwealth v. Larew*, 289 Pa. Super. 34, 37, 432 A.2d 1037, 1038 (1981).

2

The rationale supporting the Court's decision to deny the requested relief is set out below.

## ISSUES

Defendant relies the following arguments in support of his motion: a) ineffective assistance of counsel; b) failure of trial judge to recuse himself due to a conflict; c) court erred in admitting testimony by an incompetent witness; d) insufficient evidence as to the charge of Rape; e) verdict is against the weight of the evidence, f) violation of defendant's 4th amendment rights.

The Court will address each argument *in seriatim*.

## RULES, ANALYSIS, AND CONCLUSIONS OF LAW

A. Ineffective Assistance of Counsel:

Defendant's Motion claims his conviction was the due to ineffective assistance of counsel and requests that as a result all of the criminal charges should be dismissed.

The Pennsylvania Supreme Court, in *Commonwealth v. Grant*,[8] held that, as a general rule, a defendant should wait to raise claims of ineffective assistance of trial counsel until collateral review. *See also, Commonwealth v. Miller*, 541 Pa. 531, 557 n. 22, 664 A.2d 1310, 1323 n. 22 (1995) (Generally, ineffectiveness claims must be raised at the first stage in the proceedings at which the defendant is represented by other than trial counsel). While there are limited exceptions to this general rule, trial courts retain the discretion to entertain such claims. *See, Com. v. Holmes*, 79 A.3d 562, 563 (Pa. 2013) (trial court may entertain such claims, but only if (1) there is good cause shown, and (2) "the unitary review so indulged is preceded by the defendant's knowing and express waiver of his entitlement to seek PCRA review from his

---

[8] *Com. v. Grant*, 572 Pa. 48, 813 A.2d 726, 738 (2002), *clarified on denial of reargument*, 573 Pa. 141, 821 A.2d 1246 (2003) (Per Curiam).

3

conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA." *Id.* 563-64).

Given the circumstances of this case, the Court declines to entertain such claims based on the *Holmes* standard. Defendant should pursue such claims through PCRA counsel.

B. Failure of Trial Judge to Recuse Himself Due to a Conflict:

According to Defendant, an arrest of judgment and a new trial is warranted because Judge Knafelc should have recused himself *sua sponte* due to his presiding over a Protection From Abuse (PFA) action filed by the victims in this case and a Parole Violation Hearing that resulted from the filing of the case under consideration.

A Defendant seeking recusal of the trial judge bears the burden of establishing grounds for recusal. *Com.* v. *Irwin*, 432 Pa. Super. 508, 512 (1994). A trial judge is presumed to be capable of disregarding improper or prejudicial evidence. *Id.* at 513; see also *Com.* v. *Brown*, 336 Pa.Super. 628 (1985). A trial judge's awareness of defendant's prior criminal record, which is inadmissible at trial, is not grounds for recusal of trial judge in a non-jury trial. *Irwin*, 432 Pa. Super. at 513.

At the outset, this Court notes that Defendant's Post-Sentence Motion is the first instance where Defendant raised this issue.

> [T]he law is clear. In this Commonwealth, a party must seek recusal of a jurist at the earliest possible moment, i.e., when the party knows of the facts that form the basis for a motion to recuse. If the party fails to present a motion to recuse at that time, then the party's recusal issue is time-barred and waived. *See Reilly, supra*; see also *Goodheart*, 565 A.2d at 763 ("Where the asserted impediment [to a jurist deciding a case] is known to the party, and that party fails to promptly direct the attention of the jurist to that fact, the objection is waived and the party may not subsequently offer the objection as a basis for invalidating the judgment."); *id.* at 764 ("In the case, *sub judice*, the facts suggesting the disqualification [of Justices of this Court] were known or should have been known when the case was called for argument and are therefore waived. This is so because the jurist, under such circumstances, may properly assume that the lack of objection by the litigants reflects the appropriateness of his or her participation.")

4

*Lomas v. Kravitz*, 170 A.3d 380, 390 (Pa. 2017).

Here, Defendant certainly knew of Judge Knafelc's involvement in his parole violation hearing due to the fact that both Judge Knafelc and the Defendant were present at that hearing. Defendant also knew, or should have known, of Judge Knafelc's involvement in the PFA action as Judge Knafelc's signature and time-stamp were present on the Temporary PFA Order served on Defendant. Despite this information being available to Defendant, Defendant never sought to raise the issue of recusal any time before or during the trial.

Furthermore, prior to the start of the bench trial, Defense counsel, Gerald Benyo, conducted a non-jury colloquy of the Defendant specifically asking him, "you understand that the Judge in this case, Judge Knafelc, would be [ ] both the Judge to determine what evidence came into the case and should be considered as well as the jury as to whether you are guilty or innocent as to Count 1, 2, and then Count 4 through 8?"[9] Defendant responded, "Yes."[10] At no time prior to or during the trial did Defendant mention any concerns with Judge Knafelc being the sole decider of law and fact.

In light of the foregoing, the Court finds that due to Defendant's failure to raise this issue "at the earliest possible moment," the issue is waived.

C. Court Erred in Admitting Testimony by an Incompetent Witness:

As a general rule, every person is presumed competent to be a witness. Pa.R.E., Rule 601. The burden to show incompetency lies upon the party who asserts it. *Rosche v. McCoy*, 397 Pa. 615, 620, 156 A.2d 307, 309 (1959). In the case of a child witness of tender years however, "[T]he presently prevailing rule (in the absence of statute) is that competency is presumed where the child is more than 14 years of age. Under 14, there must be judicial inquiry as to mental

---

[9] *Trial Transcript*, Vol. I, July 17, 2017, p. 9 [hereinafter *T.T., Vol. I*].
[10] *Id.* at 9.

5

capacity, which must be more searching in proportion to chronological immaturity." *Id.* 397 Pa. at 621.

The question of competency, including competency due to tender years, is in the sound discretion of the trial judge. *Id.* at 620.

In determining whether a child of less than 14 years is competent to testify, "[T]here must be (1) such capacity to communicate, including as it does both an ability to understand questions and to frame and express intelligent answers, (2) mental capacity to observe the occurrence itself and the capacity of remembering what it is that she is called to testify about and (3) a consciousness of the duty to speak the truth. *Id.* 397 Pa. 620–21; see, e.g., *Com. v. Trimble*, 615 A.2d 48, 419 Pa.Super. 108 (1992) (finding five-year-old victim competent to testify in prosecution against her father for rape where victim understood questions, formulated intelligent, responsive answers, demonstrated ability to observe and remember relevant events, and appreciated duty to tell truth); *Com. v. Payton*, 392 A.2d 723, 258 Pa.Super. 140 (1978) (trial court did not abuse discretion finding six-year-old complaining witness competent where she stated her belief that it was wrong to tell lie, that she would be punished by her mother if she told lie, and promised to tell truth, and court relied, in part, on its observation of witness' testimony and demeanor); *Com. v. Mangello*, 378 A.2d 897, 250 Pa.Super. 202, (1977) (Upholding trial court's finding of competency of six-year-old victim of rape where she adequately demonstrated her appreciation of the moral responsibility to be truthful or her consciousness of the duty to speak the truth).

The presence of inconsistent answers to questions without more, however, does not require a court to find a child witness incompetent to testify. "Questions concerning inconsistent testimony ... go to the credibility of the witnesses." *Commonwealth v. DeJesus*, 580 Pa. 303, 860 A.2d 102,

6

106 (2004). "A determination of credibility lies solely within the province of the factfinder. Moreover, any conflict in the testimony goes to the credibility of the witnesses and is solely to be resolved by the factfinder." *Com. v. Page*, 2013 PA Super 2, 59 A.3d 1118, 1130 (2013).

In the instant case, despite the frequent digressions and obvious attempts at avoidance, the Victim-Witness (K.S.) clearly had the capacity to communicate, ability to understand questions and to frame and express intelligent answers.

The Victim-Witness demonstrated ability to observe and remember relevant events: she knew her full name, age, and birth date, though she could not recall the year of her birth;[11] stated where she lived (Linmar Terrace) and that it was located in Aliquippa;[12] knew she was about to enter the first grade and named her kindergarten teacher (Mrs. DiBenedetto);[13] Victim-witness also knew that she lived with her grandmother, knew her name was Victoria, and that she lived with her cat, named Dr. Seuss.[14]

The Victim-witness knew difference between the truth and a lie,[15] appreciated the duty to tell the truth, and said she would tell the truth.[16]

Also, Victim-witness could recall relevant details such as the last time she stayed with her father (the Defendant) and who was present, such as his girlfriend Cici—who victim witness knew to be the mother of her baby sister.[17]

Due to the foregoing, the Court finds Victim-Witness (K.S.) competent to testify. The Court notes that Victim-Witness was clearly uncomfortable talking about the incident. She frequently changed topics in the middle of her sentences. She expressed multiple times that she did not want

---

[11] *T.T., Vol. I*, at 61.
[12] *T.T., Vol. I*, at 62-63.
[13] *T.T., Vol. I*, at 63.
[14] *T.T., Vol. I*, at 64.
[15] *T.T., Vol. I*, at 65.
[16] *T.T., Vol. I*, at 67.
[17] *T.T., Vol. I*, at 70-71.

7

to talk about what happened and had to be encouraged frequently to answer the questions about what her dad did to her that day;[18] at times, she would start to whistle or make noises to distract from the topic being discussed.[19]

The Court finds that such behavior is not indicative of the child's inability to communicate or understand the questions asked of her, but rather such behavior is consistent with the type of trauma one would expect such a young girl to experience as a result of the incident and having to reluctantly relive it through detailed and exhaustive questioning.

D. Insufficient Evidence as to the Charge of Rape of a Child:

> When reviewing a sufficiency of the evidence claim, an appellate court must view all the evidence and reasonable inferences therefrom in a light most favorable to the Commonwealth as the verdict winner and must determine whether the evidence was such as to enable a fact finder to find that all of the elements of the offense were established beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Reed*, 851 A.2d 958, 963 (Pa.Super. 2004) (internal citations and quotations omitted).

The fact-finder is permitted to believe "all, part, or none of a witness's testimony." *Com. v. Andrulewicz*, 2006 PA Super 309, ¶ 12, 911 A.2d 162, 166 (2006); see also *Commonwealth v. Adams*, 882 A.2d 496, 499 (Pa.Super.2005).

---

[18] *See generally*, T.T., Vol. I., pp. 61-114.

[19] *See, e.g., T.T., Vol. I,* at 97 ("A. Yeppie dee, yippee dee, yeppie dee, yippee dee.").

8

Under Pennsylvania law, "A person commits the offense of rape of a child, a felony of the first degree, when the person engages in sexual intercourse with a complainant who is less than 13 years of age." 18 Pa.C.S. §3121(c). Pennsylvania Suggested Standard Criminal Jury Instructions list the following elements that comprise the offense of Child Rape:

1. A person commits rape of a child when the person engages in sexual intercourse with a child who is less than 13 years of age.

2. Under our Crimes Code, such a rape can be committed by either a male or a female upon a child of the same or opposite sex.

3. "Sexual intercourse" has a particular meaning in criminal law. Sexual intercourse occurs if a man's penis penetrates the female sexual organ, or the mouth or anus of a person. Sexual intercourse also occurs if the tongue penetrates the female sexual organ. The slightest degree of penetration is sufficient, and no emission of semen is required, for sexual intercourse to occur under criminal law.

4. It is immaterial whether the child consented to the contact. Consent of the child is no defense.

5. It is also no defense if the defendant did not know the age of the child, or the child lied about his or her age, or the defendant honestly believed that the child was 13 or older, or the defendant reasonably believed that the child was 13 or older.

15.3121D (Crim) Rape of A Child, Pa. SSJI (Crim), §15.3121D (2016).

As the element of age cannot reasonably be challenged in this case—Victim was clearly under the age of 13 when the incident occurred—this Court will constrain its analysis of the sufficiency question to whether sexual intercourse—meaning penetration of the victims sexual organ, mouth or anus, by Defendant's penis or tongue—occurred.

Uncorroborated testimony as to penal penetration by victim is sufficient to establish sexual intercourse and thus support a conviction for the offense of Child Rape. *Com. v. Wall*, 953 A.2d 581 (Pa. Super. 2008), *appeal denied* 963 A.2d 470, 600 Pa. 733; *see also, Com. v. Poindexter*, 646 A.2d 1211, 435 Pa.Super. 509 (1994), *appeal denied* 655 A.2d 512, 540 Pa. 580 (testimony of victim need not be corroborated); *See, e.g., Com. v. Trimble*, 615 A.2d 48, 419

9

Pa.Super. 108 (1992). (Five-year-old victim's testimony that defendant placed his "wiener," penis, in her "tooter," vaginal area, established penetration and supported rape conviction.); *Com. v. Price*, 616 A.2d 681, 420 Pa.Super. 256 (1992) (Testimony of one person, injured victim, as to element of penetration is sufficient to convict defendant of rape). This is true even if there are some inconsistencies in the testimony. *Com. v. King*, 434 A.2d 1294, 290 Pa.Super. 563 (1981) (Evidence was sufficient to sustain defendant's convictions for attempted rape and indecent exposure, notwithstanding that there was an alleged inconsistency between victim's trial and preliminary hearing testimonies regarding the date on which defendant exposed himself.); *see also, Com. v. Bridell*, 384 A.2d 942, 252 Pa.Super. 602 (1978) (In rape prosecution, although there were inconsistencies relating to how victim met defendant on night of rape and how defendant gained access to her apartment, evidence was sufficient to sustain conviction.)

In the instant case, victim testified consistently on multiple occasions that Defendant made her sit on his private part and put his 'thing' in her coody-cat.[20]

**A. He made me sit on his private part.**

Q. Okay. And did his private part go inside your

private part?

**A. Inside my private part.**

Q. Okay. And what happened when his thing went

inside your private part?

**A. It started from getting on my daddy --**

Q. Okay.

**A. -- which I didn't want him to.**

Q. Okay. And did anything happen to his private

---

[20] *T.T., Vol. I*, at 82.

10

part?

**A. There, there was white stuff coming out.**

Q. There was white stuff coming out?

**A. But he shake his thing, well, never mind,**

**never mind.**

Q. What did he shake?

**A. His, his private part.**

Q. Okay. Was that before or after the white

stuff was coming out?

**A. Actually, he shook it so the white stuff can**

**come out.**

*T.T., Vol. I*, at 78-79.

Such uncorroborated testimony of rape victim, if believed by jury, is sufficient to support rape conviction and no medical testimony is needed to corroborate victim's testimony, *Com. v. Gabrielson*, 536 A.2d 401, 370 Pa.Super. 271 (1988), *appeal denied* 542 A.2d 1365, 518 Pa. 636; however, in this case, the testimony of the victim was corroborated by medical testimony[21] as well as physical evidence.[22] The testimony of Sally Riley provided substantial circumstantial evidence of penetration, *Com. v. Usher*, 371 A.2d 995, 246 Pa.Super. 602 (1977) (the element of penetration may be established through circumstantial evidence); and the testimony of the victim was corroborated by the presence of seminal fluid,[23] sperm,[24] and Defendant's DNA inside

---

[21] *See, Trial Transcript*, July 19, 2017, Vol. II, pp. 56-65 (Testimony of Sally Riley, Nurse at UPMC Children's Hospital indicating redness and swelling inside victim's vaginal vault. See, *Id.* at 61-63) [hereinafter *T.T., Vol. II*].
[22] *See, T.T., Vol. II*, pp. 71-89 (Testimony of Ashlee Mangan, Forensic Scientist in Serology Section of the Greensburg Regional Crime Laboratory); *T.T., Vol. II*, pp. 96-128 (Testimony of Sabine Panzer-Kaelin, Forensic Scientist at the Pennsylvania State Police DNA Laboratory); *see also*, Commonwealth's Exhibit 5 (Serology Report of Ashlee Mangan), and Exhibit 6 (DNA Analysis of Sabine Panzer-Kaelin).
[23] A. It was a strong positive.

11

victim's vaginal vault.[25] *C.f., Com. v. Miller*, 724 A.2d 895, 555 Pa. 354 (1999), *certiorari denied* 120 S.Ct. 242, 528 U.S. 903, 145 L.Ed.2d 204 (finding evidence sufficient to uphold Defendant's rape conviction where it was supported by forensic pathologist's testimony and deoxyribonucleic acid (DNA) evidence of defendant's seminal material).

It is the opinion of this Court that the evidence of penetration supporting the conviction of Rape of a Child in this case is not only sufficient, but overwhelming. The Victim-Witness in this case testified that her father made her sit on his penis and further testified that he put his penis insider her vagina, indicating that it pinched, and her testimony was corroborated by the testimony of Sally Riley—who examined the victim at UPMC finding redness and swelling of the vagina.[26] Victim's testimony was further corroborated by the findings of forensic scientists Ashlee Mangan (who confirmed the presence of seminal fluid and sperm in victim's vaginal

---

Q. Okay. And, and I guess, what does that
ultimately mean?
A. It means that it's a good indication that
seminal fluid may be present and that I am required
to move on to identify sperm.
*T.T., Vol. II*, pp. 80-81.

[24] Q. And were you able to visualize sperm?
A. Yes.
*T.T., Vol. II*, p. 80.

[25] Q. Okay. Now, going back to your conclusion with
regard to the sperm fraction of the vaginal swabs,
is that listed in your conclusion report in
conclusion two, is that illustrated there?
A. Yes, the profile's are listed. It's the
fourth column in is Q1M —
Q. Okay.
A. — that is the profile that I obtained from
both the vaginal, the sperm fraction off the
vaginal swabs and the sperm fraction off the rectal
swabs.
Q. And was the match in all loci tested --
A. Yes.
Q. -- from the known of which individual?
A. It matched the Item K2, the known reference
sample from Keshmar Sims.
Q. In all of, of the tests?
A. Yes.
*T.T., Vol. II*, p. 112.

[26] See note 21, *supra*.

12

vault) and Sabine Panzer-Kaelin (who confirmed via DNA analysis that the seminal fluid and sperm belonged to Defendant).

E. Verdict Against the Weight of the Evidence:

A trial court should award new trial on grounds that verdict is against the weight of evidence only when the verdict is so contrary to evidence as to shock one's sense of justice and make award of new trial imperative, so that right may be given another opportunity to prevail. *Commonwealth v. Whitney*, 511 Pa. 232, 239, 512 A.2d 1152, 1155–1156 (1986).

As stated in Section D, *supra*, the evidence of guilt as regards the most serious charge in this case (Child Rape) is not only sufficient, but overwhelming. Indeed, the evidence against the Defendant is so damning, any other verdict would shock this Court's sense of justice. Therefore, this Court finds Defendant's argument that any verdict is against the weight of the evidence to be entirely without merit.

F. Violation of Defendant's 4th Amendment Rights:

Defendant claims in his Post-Sentence Motion, for the very first time, that his 4th Amendment rights were violated by the Commonwealth. Defendant claims that his arrest and subsequent search and seizure were unlawful and as a result of such violations, the verdict of guilty to all charges should be arrested and vacated. The Court is unpersuaded.

The record is entirely devoid of any of the above claims being made prior to or during trial. At no point did defense counsel object to the introduction of Defendant's DNA evidence.[27] *Com. v. Kohan*, 2003 PA Super 203, ¶ 7, 825 A.2d 702, 705–06 (2003) ("a criminal defendant could not assert a claim in a post-sentence motion for a new trial that evidence was erroneously admitted during his trial if he hadn't lodged an objection during the trial when the evidence was

---

[27] Defense counsel did not object when the Commonwealth moved to enter Commonwealth's exhibit 6 (DNA analysis) into evidence. *T.T., Vol. II*, p. 113: 9.

13

admitted." *Id.*); *Commonwealth v. Pearson,* 454 Pa.Super. 313, 685 A.2d 551, 555 (1996) (*en banc*) (Failure to object results in a waiver of the claim).

Because of Defendant's failure to raise this issue at any time before or during trial, there is no record by which this Court or an appellate court could conduct a meaningful review. Thus, this claim is waived. *Com. v. Johns,* 812 A.2d 1260 (Pa.Super. 2002) (Failure to ensure that the record provides sufficient information to conduct a meaningful review constitutes waiver of the issue sought to be reviewed).

## CONCLUSION

Having addressed all of the issues and allegations made by Defendant in the foregoing Opinion and finding every issue raised to be without merit, Defendant's requested relief is DENIED.

An appropriate Order shall follow:

14

IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY
PENNSYLVANIA
CRIMINAL DIVISION—LAW

COMMONWEALTH OF
PENNSYVANIA

vs.

No. 1900 of 2016

K.          S.      ,
Defendant

## ORDER

AND NOW, to wit, this 8th day of March, 2018, it is hereby ORDERED and

DIRECTED that Defendant's motion for post-sentence relief be disposed of in the following

manner:

1.  Defendant's trial counsel, Gerald Benyo, Jr.'s request to withdraw as Defendant's

    counsel of record is GRANTED.

2.  Defendant's motion for arrest of judgment is DENIED.

3.  Defendant's motion for a new trial is DENIED

4.  In accordance with Pa. R. Crim. P. 720(B)(4), Defendant is hereby notified of the

    following rights upon entry of this order:

    a.  Defendant has the right to file an appeal with the Superior Court of

        Pennsylvania. The period to file an appeal expires thirty (30) days following

        the date of the denial of this post-sentence motion.

    b.  Defendant has the right to assistance of counsel in the preparation of the

        appeal.

    c.  Defendant has the right, if Defendant is indigent, to appeal *in forma pauperis*

        and to proceed with assigned counsel as provided in Rule 122.

15

d. Defendant has the qualified right to bail under Rule 521(B).

BY THE COURT:

_____ J.

HARRY R. ENGLEN
CLERK OF COURTS

2018 MAR -8 PM 2: 30

BEAVER COUNTY
PENNSYLVANIA

BY THE COURT

2018 MAR -8 P 2: 07

16